LOUIS BARON plaintiff in error *vs.* THE PEOPLE def'ts in error.

Where a verdict in a criminal case is appropriate to one or more good counts in an indictment, and can be deemed to have been passed upon and to have disposed of the others, the good counts are established and the verdict will stand, notwithstanding there may be bad counts in the indictment: but if it appear that some of the counts are undisposed of by the verdict, the judgment rendered on such verdict will be reversed.

An accessory can not be tried before the trial and conviction of the principal offender.

An accessory may be indicted and tried in the county where the offence of the accessory was committed, notwithstanding the principal offence was committed in another county, but the accessory can not be indicted and tried in the county where the principal offence was committed, unless his offence as accessory was committed there.

This was a writ of error to the court of sessions of Ontario county.

The plaintiff in error was indicted in the court below, the indictment containing seven counts, substantially as follows:

1st. For burglary and larceny.

2d. The same, being a second offence; stating the conviction for the first offence to have taken place in Monroe county general sessions.

3d. Charges that Samuel Hicks, Stephen Cross, Manlius Card, Hiram J. Clark, Benjamin F. Yerkes and William Ackley on the 29th day of June 1849, committed a certain burglary and larceny in the town of East Bloomfield, Ontario county, setting out the offence particularly; that Baron (the defendant in the court below), on the 3d of October, 1842, was convicted of burglary and larceny in the court of general sessions of Monroe county and sentenced to the state prison for five years; that after he had suffered the full term of imprisonment according to such sentence, and on the 29th day of July, 1849, said Baron did incite, move, procure, aid, counsel, hire and command the said Hicks, Cross, Card, Clark, Yerkes and Ackley to commit the said burglary and larceny in this count first mentioned.

4th. Substantially like the third, alleging that the said Hicks, Cross, Card, Clark, Yerkes, and Ackley were indicted, &c., for the said burglary and larceny, and that Ackley had been tried and convicted thereon, *prout patet per recordum* — in other respects, this count is similar to the third.

5th. For grand larceny, alleging the property stolen to be the property of Moses Sheppard.

6th. Like the 5th, alleging the property stolen to be the property of some person or persons to the jurors unknown.

7th. Like the 5th, alleging the property stolen to be the property of Luther Sheppard and Moses Sheppard.

The defendant in the court below pleaded not guilty to the said indictment, and was tried and convicted in that court in February, 1850. The verdict of the jury, as appears by the record, is in the following words, viz.: " That the said Louis Baron is guilty of the felony aforesaid as an accessory before the fact, and for a second offence, as by the indictment aforesaid is above supposed against him." Upon this verdict, the court below gave judgment against the defendant, that he be imprisoned in the state prison at Auburn for the term of nine years, eight calendar months and twenty days.

Various questions arose upon the trial, which are sufficiently adverted to in the opinion which follows.

*E. G. Lapham* and *A. Worden,* for plaintiff in error.

*S. V. R. Mallory* (district attorney), for defendants in error.

WELLS, Justice, delivered the opinion of the court as follows:

I. The first point made for the plaintiff in error is, that the verdict and judgment is uncertain; that it does not appear for what offence the conviction was had, and that it is not found that any principal offence was committed by the direction or order of the defendant below, and it is contended that the first, fifth, sixth and seventh counts of the indictment are not disposed of in any way by the verdict. The indictment contained seven counts — among them, is one for a second offence of burglary and larceny — another charges that six other persons were indicted for burglary and larceny, and one of them, Ackley, was convicted. It does not state whether any of them besides Ackley had been tried. It is to be taken therefore, for the purposes of this case, that Ackley was tried separately and that the others have not yet been tried. The count then charges a previous burglary and larceny by the defendant Baron and a conviction and judgment thereon, before the commission of the said offence by Ackley and the others who were jointly indicted with him, and that the defendant Baron did, incite, move, procure, aid, counsel, advise and command the other six, including Ackley, to commit the burglary and larceny for which they were indicted, &c.

The finding of the jury as appears from the record in this case is, that " the said Louis Baron is guilty of the felony aforesaid as an accessory before the fact, and for a second offence of larceny, as by the indictment aforesaid is above supposed against him."

If the verdict is appropriate to any one or more good counts in the indictment and can be deemed to have passed upon and disposed of the others, the good counts are established, and the verdict should stand, notwithstanding there may be bad counts in the indictment.

The rule is different in a civil case, where there are several

Baron *v*. The People.

counts in the declaration and a general verdict with damages, for in such case, if there is a bad count joined with others that are good, the court can not know but the damages are assessed in whole or in part upon the bad count. But in the case of an indictment a general verdict of guilty proves that all the counts are true, the good as well as the bad ones, and it is presumed the court in rendering judgment measured the punishment upon the good counts alone.

The verdict in this case pronounces the defendant below guilty of the felony as an accessory before the fact and of a second offence of larceny as charged in the indictment. There are three counts for simple larcenies alone and one for burglary and larceny. Does this finding by fair intendment, dispose of those counts? If it does not, it seems to me the judgment is erroneous. The defendant is neither convicted nor acquitted upon them, and upon another indictment for the same offences could neither plead *autrefois acquit* or *autrefois convict*.

The language of the verdict as contained in the record "felony aforesaid," is broad enough to apply to all the counts, but the words "as an accessory before the fact," immediately follow; which limit and restrict their meaning to the two counts charging him as an accessory. This seems to be the fair interpretation of the language of the record. It is not like the case of an indictment for a crime, under which the accused may be convicted of another offence of the same character, but of a minor degree — as, for instance, an indictment for murder and a conviction for manslaughter, or an indictment for an assault and battery with a felonious intent and a conviction for the simple assault and battery.

But it is a question of construction of the language of the record merely, whether the finding of the jury, as contained in the record, can be understood to apply or refer to the three counts for simple larceny. The verdict proceeds to say that the defendant below is guilty " of a second offence of larceny," and concludes "as by the indictment aforesaid is above supposed against him." These words apply to both branches of

the finding, that of guilty of the felony as an accessory and of the second offence of larceny.

There is a count charging the crime of larceny as a second offence, and the last part of the finding I think must be taken as applying to that count only, for I take it a conviction for a second offence can not be had upon a count for a single first offence.

The three counts for simple larceny, as well as the one for burglary and larceny therefore appear to be entirely undisposed of and untouched by the verdict.

II. The court below charged the jury that the defendant could be convicted as an accessory, before the trial and conviction of the principal offenders. In this the court clearly erred. By the common law, no man could be convicted as an accessory until after the conviction of the principal felon. He could not be tried alone before the principal, for *non constat* but the person charged as principal might be acquitted. They might be tried together, but in that case a conviction of the accessory and an acquittal of the principal would be irregular and void, as presenting the absurdity of an accessory without a principal. (4 *Bl. Com.* 40, 323.)

The court below admitted that such substantially was the rule of the ancient common law, but held it was not the law at present. The only change in the law in this particular that I am aware of, is by our statute (2 *R. S.* 727, § 49), which declares that " an accessory before or after the fact, may be indicted, tried, convicted and punished, notwithstanding the principal felon may have been pardoned or otherwise discharged after his conviction." This statute is substantially the same as the English statute of Anne, both of which were passed to meet a rule of the old common law by which the accessory could not be arraigned until the principal had been attainted, which might be avoided by pardon, clergy, or his death after conviction and before attainder. But the statute does not allow of a conviction of the accessory before that of the principal, any more than the common law. It only allows it in certain cases *after the conviction of the principal felon*

Baron *v.* The People.

The law has been further changed in England by the statute 7th Geo. IV, ch. 64, by which an accessory may there be now tried before the principal. (*Rosc. Cr. Ev.* 217.) But we have no such statute.

It is claimed by the counsel for the defendant in error that the conviction of Ackley, one of the principals, having been legally established, the part of the charge complained of was the expression of a mere abstract opinion, and that as it could not have influenced the verdict, it can not here be alleged as error. It was a question for the jury to determine, whether Ackley had or had not been convicted. They were to judge of that fact by the evidence before them. And although I incline to think the paper evidence, in connection with the testimony of the former county clerk, was sufficient to establish the conviction of a man by the name of William Ackley, yet the jury were to be satisfied that he was the identical man or one of the men to whom the testimony in reference to the commission of the principal offence related. We may suppose all this was satisfactorily done; still the jury were by the charge left at liberty to leave the question of Ackley's conviction out of view entirely. It seems to me this will not do in a case of felony

III. The court charged the jury that the defendant might be convicted in Ontario county although whatever he did in connection with the offence was in the county of Monroe. In this I think there was also an error. It was at one time doubted whether at common law an accessory in one county to a felony committed in another could be indicted in either. (*Hawk. P C. book* 2, *ch.* 25, § 54; *Keil.* 67; *Dyer*, 38.)

Our statute (2 *R. S.* 727, § 45) provides that the accessory may be indicted and tried in the county where the offence of the accessory was committed, notwithstanding the principal offence was committed in another county. But there is no statute or rule of law allowing the accessory to be indicted and tried in the county where the principal offence was committed, unless his offence as accessory was committed there.

As the conviction and judgment must be reversed for the

reasons above mentioned, it is unnecessary to consider the other points raised upon the argument. Conviction and judgment reversed, and new trial ordered in the court below.