THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* JOHN KIEF, Respondent.

Where the guilt of one of several defendants, jointly indicted for a felony, is sought to be established by evidence showing, or tending to show, a conspiracy between him and the others for the commission of the crime, evidence as to acts or statements of the others must be confined to such statements as were made, or acts done, at times when the proofs in the case permit of a finding that a conspiracy existed, and where the acts or statements were in furtherance of the common design. The acts or statements of one of the defendants prior to the formation of the conspiracy, or subsequent to its termination, by the accomplishment of the common purpose, or by abandonment, are inadmissible as evidence against the others.

Since the passage of the provision of the Penal Code (§ 29) making a party to a crime, who, before its passage, would have been an accessory before the fact, a principal, a trial and conviction of the one who actually committed the crime, is not essential to the prosecution of the charge against such a party, and where both are jointly indicted as principals, an acquittal of the former upon a separate trial is not a defense, and the record is not competent evidence upon the trial of the latter.

(Argued March 18, 1891; decided May 5, 1891.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, made November 25, 1890, which reversed a judgment convicting the defendant of murder in the first degree, entered upon a verdict of the Court of Oyer and Terminer of Madison county and granted a new trial.

The following is the opinion in full:

" The defendant John Kief was indicted jointly with Carrie C. Howard for the premeditated killing of her husband, alleged to have been effected by administering to him arsenic upon several occasions in the month of December, 1884. The accused demanded separate trials, and Carrie Howard, being first tried, was acquitted by the jury. This defendant Kief, however, upon his trial, was found guilty as charged in the indictment, and a judgment of conviction of murder in the first degree was rendered against him. Upon an appeal to the General Term of the Supreme Court, that judgment was reversed and a new trial ordered, because of the commission of errors of law in the course of his trial. The people have appealed to this court, and endeavor to sustain the conviction at the Oyer and Terminer.

" We quite agree with the General Term that a new trial should be awarded to this defendant. That court has based its order mainly upon the ground of the erroneous admission of evidence as to certain statements of Carrie Howard, made at times prior to October, 1884, and as to certain acts performed by her subsequent to the death of her husband, all of which may have tended, perhaps, to incriminate her, but which certainly could not be made use of in order to inculpate this defendant. He came to work regularly for the deceased some time in October, 1884, and that was the earliest time when the evidence tends to establish the commencement of the intimacy, or of any conspiracy between the two accused. If the guilt of one of several defendants, who are jointly indicted for a felony, is sought to be established by evidence showing, or tending to show, a conspiracy between him and the other defendants for the commission of the felonious act, evidence as to acts or statements of the others must be confined to such as were made or done at times when the proofs in the case permit of a belief that a conspiracy existed, and when, therefore, the acts or statements might have been in furtherance of the common design. Whatever may have been said or done by the several persons accused of conspiring to commit the crime before the time when, according to the evidence, the conspiracy was formed, or subsequent to the time when the con-

spiracy terminated, by the accomplishment of the common purpose, or by abandonment, is inadmissible as evidence against the others. (1 Greenleaf's Evid. § 111, and 3 id. § 94, and see *People* v. *McQuade,* 110 N. Y. 307, and authorities there referred to.)

" We need not, I think, discuss this question, inasmuch as the opinion of the General Term has sufficiently explained the application of a rule well settled by authority.

" This defendant insists that it was error to reject the record of the acquittal of Carrie C. Howard, and that view was taken by one of the learned justices at the General Term. Concerning that question we need speak only briefly. Before the enactment of section 29 of the Penal Code, where a party was indicted as accessory before the fact to a felony, for which another had been indicted as principal, the trial and conviction of the principal were essential to the prosecution of the charge against the accessory. (*Baron* v. *People,* 1 Park. 246; *Starin* v. *People,* 45 N. Y. 333.) The record of the conviction of the principal was, therefore, offered in evidence as a part of the People's case upon the trial of the accessory. It was admitted simply as establishing the fact of a conviction had. Upon the question of guilt, whether of principal or of accessory, the record concluded nothing, for the defendant was not a party to it and he was at liberty to dispute and disprove it. But with the change effected by the Penal Code the distinction between principal and accessory disappeared, and thenceforward he who aided, abetted or counselled in the commission of a crime became equally guilty with him who committed it, and could be indicted, tried and convicted as a principal. If it is immaterial, therefore, upon the question of his guilt, whether a party, engaged in the commission of a felony, directly committed the crime alleged or only abetted in its commission, it must be quite immaterial whether one jointly indicted with him for the offense has been acquitted or not. The question of the one defendant's guilt cannot turn upon the establishment of the other's guilt; it is an independent issue to be tried out alone. Because of the changed conditions brought about by the Penal Code provision cited, reasoning upon the previous practice is useless. At present a defendant

must go to the jury upon such competent and relevant evidence as tends to prove his guilt, and quite irrespectively of the intrinsic and irrelevant fact that one or more defendants jointly charged as accomplices have been acquitted upon their separate trials.

"The indictment charged the defendant with the killing of the deceased. The evidence tended to establish that there were opportunities for administering the arsenic to the deceased by this defendant, as well as that he may have counselled and abetted Carrie Howard in administering it. If he administered it himself then the record of Carrie's acquittal was, obviously, immaterial. If he abetted her in poisoning her husband, then the Penal Code makes him as guilty as though he directly did the poisoning. Now the fact that Carrie Howard had been acquitted, or convicted, could not legally prove anything for or against this defendant, for he was not a party to that record. The general principle upon which the admissibility of evidence rests is its relevancy or its tendency to establish the issue upon trial. Carrie's acquittal would not prove this defendant's innocence of the charge in the indictment. At most it would only prove that being tried first, for some reason, she escaped conviction at the jury's hands.

"What the law assured to this defendant was a fair trial upon the charge contained in the indictment, and all such evidence was admissible to prove his guilt which was based upon his own acts or statements, or upon the acts and statements of his alleged accomplice, Carrie Howard, provided that the evidence as to what she said or did was confined to the period of time between the commencement of their intimate relations and the time when the death of their alleged victim occurred.

"The order of the General Term should be affirmed."

*E. M. Wilson* and *Henry M. Aylesworth* for appellant.

*J. I. Sayles* for respondent.

GRAY, J., reads for affirmance.
All concur.
Order affirmed.