THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MAXI-MILLIAN SHINBURNE, Appellant.

*Crime — the complicity of a third person cannot be proved by the record of his conviction — when errors in regard to the admissibility of evidence in a criminal action cannot be disregarded.*

Upon the trial of an indictment for burglary the participation of a third person in the commission of the offense cannot be shown, as against the defendant in the indictment under consideration, by offering in evidence the indictment against such third person for the crime in question and the record of his conviction therefor upon his plea of guilty. The admission of such evidence, over the objection and exception of the accused, constitutes an error which cannot be disregarded under the provisions of section 542 of the Code of Criminal Procedure, where it appears that but for such evidence the jury might have found that the third person did not take part in the commission of the crime.

*It seems,* that an error in receiving or rejecting evidence upon the trial of an indictment can only be disregarded where it could by no possibility have produced injury to the defendant.

APPEAL by the defendant, Maximillian Shinburne, from a judgment of the County Court of Schoharie county, entered in the office of the clerk of the county of Schoharie on the 22d day of May, 1896, convicting the defendant of the crime of burglary in the third degree, and also from an order entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*P. C. Dugan,* for the appellant.

*Le Grand Van Tuyl, District Attorney,* for the respondent.

PER CURIAM:

The defendant was indicted for burglary in the third degree. He was charged with feloniously breaking and entering the bank building and vault of the First National Bank of Middleburgh, in the village of Middleburgh, Schoharie county, on the night of the 16th day of April, 1895. On the trial before the County Court of said county the theory of the prosecution was that three men were connected with the burglary, the defendant, William H. Brown and an unknown man. It was important for the prosecution to show that Brown was one of the three men who participated in committing the offense. Mrs. Carpenter, who occupied the house adjoining the bank and saw the burglars at work through the window, identified, although not positively, one of them as Brown; and there was other evidence in the case tending to show his participation in the crime.

Brown had been indicted for the same burglary and tried before the trial of the defendant, and on his plea of guilty had been convicted. On the trial of this case in the court below the People offered in evidence the indictment of Brown and the record of his conviction thereon, and such evidence was received by the court over the objection of the defendant, he excepting to such ruling. There was an indorsement on the indictment that the defendant pleaded guilty of burglary in the third degree, and the record stated that "William H. Brown having been convicted of burglary in the third degree by his plea of guilty," etc.

We are of opinion that the court below erred in overruling the objections of the defendant to said evidence. The People wished to prove that Brown was one of the men connected with the burglary in question. It does not require an argument to demonstrate that, *as against the defendant*, that fact could not be shown by the indictment, plea or judgment of conviction against Brown. The defendant was not a party to the criminal action against him and was not in any manner affected by the record or judgment therein. (See remarks of GRAY, J., in *People* v. *Kief*, 126 N. Y. 661, 663, 664.) As held in the authority cited, the fact that Brown had been acquitted or convicted "*could not legally prove anything for or against this defendant, for he was not a party to that record.*"

Nor do we understand that the learned district attorney claims

that the evidence in question was properly received. But he urges that the error should be disregarded under the provisions of section 542 of the Code of Criminal Procedure on the ground that it was not prejudicial to the defendant, as, excluding such evidence, it clearly appeared from the other testimony produced by the People that Brown was one of the parties concerned in the burglary in question. (*People* v. *Dimick,* 107 N. Y. 13; *People* v. *Wayman,* 128 id. 585, 588.)

But it has been held that an error in receiving or rejecting evidence can only be disregarded where *it could by no possibility have produced injury.* (*Stokes* v. *People,* 53 N. Y. 164; *People* v. *Koerner,* 154 id. 355; *People* v. *Strait,* Id. 165, 171.)

In *People* v. *Corey* (148 N. Y. 476) it was held that " while even in criminal cases a new trial will not be granted by an appellate court on account of errors not affecting a substantial right of the defendant (Code Crim. Pro. § 542), the statute in no way impairs or affects the rule that the rejection of competent and material evidence, or the reception of incompetent and improper evidence, which is harmful to a defendant and excepted to, presents an error requiring reversal, even if the appellate court would, with the rejected evidence before it, or with the improper evidence excluded, still come to the same conclusion reached by the jury." Under the doctrine of the cases cited, after a careful review of the testimony, we are of opinion that we cannot properly hold that the error of the court below in receiving the evidence in question " by no possibility could   *   *   *   have worked any harm to the defendant." The People sought to show that William H. Brown was present and participated in the same burglary for which the defendant was indicted. While the jury could, from the testimony produced by the People, had the evidence of the indictment and record of conviction of William H. Brown been excluded, have found that he was one of those engaged in the burglary in question, the evidence in that regard, with such indictment and record excluded, was not conclusive. It raised a question of fact on which a jury could properly have found against the defendant, but it cannot be said that the jury might not have found in his favor.

It was shown that Brown and another man were at Schoharie the evening before the burglary, apparently on their way to Middle-

burgh; that three men were engaged therein; that after the commission of the offense, Brown, defendant and another man fled from Middleburgh on a hand car; that Brown was arrested with a set of burglar's tools in his possession. The witness Carpenter testified that she looked through a window of the bank and saw Brown therein engaged in the burglary, but at the close of her testimony she said: "I have no doubt but what he was Brown, and yet I have so much doubt that I am not now willing to say positively that it was him; I have some doubt about it; that is true, and I may be mistaken." The evidence thus referred to, while it would have justified a finding that Brown participated in the burglary, was not conclusive. It presented a question of fact for the jury, and, hence, under the doctrines to which we have referred, we cannot say that the erroneous receipt by the court below of the evidence referred to may not possibly have injured the defendant.

For this reason we reach the conclusion that the judgment should be reversed and a new trial granted.

All concurred.

Judgment reversed and a new trial granted.