## SUPREME COURT — SPECIAL TERM — KINGS COUNTY.

### Februray 4, 1918.

### THE PEOPLE v. JOSEPH BEINTNER.

#### (168 N. Y. Supp. 60.)

CRIMINAL LAW—CONVICTION OF "ACCESSORY" AFTER ACQUITTAL OF PRINCIPAL.

1. The offense of being an accessory is now a substantial crime, punishable without regard to conviction or acquittal of the principal, in view of Penal Law (Consol. Laws, chap. 40), § 2, defining an "accessory" as a person who, after the commission of a felony, harbors or aids the offender with intent that he may avoid arrest, etc., and section 1934, prescribing the penalty for being an accessory to a felony, and providing an accessory may be tried and convicted whether the principal has or has not been previously convicted, or is not amenable to justice, and although the principal has been pardoned or otherwise discharged from conviction.

CRIMINAL LAW—PROSECUTION OF ACCESSORY—JUDGMENT AGAINST PRINCIPAL —ADMISSIBILITY.

2. A judgment in the principal felon's case, whether of conviction or acquittal, is not admissible for any purpose in prosecution of accessory.

JOSEPH BEINTNER was indicted as an accessory to the crime of rape of the second degree, and moves to dismiss indictment. Motion denied.

*Percival G. Barnard*, of New York City, for the motion.

*Harry E. Lewis, District Attorney*, of Brooklyn (*Ralph E. Hemstreet*, of Brooklyn, and *George A. Voss, Assistant District Attorneys*, of New York City, of counsel), opposed.

CROPSEY, J.:·

The defendant moves for the dismissal of the indictment pending against him. The grounds of the application are unusual. The defendant stands indicted as an accessory to the crimes of rape in the second degree, abduction, and assault in the second degree; each of these crimes being charged in a separate count. The indictment alleges that Agnes Beintner had committed these crimes, and thereafter the defendant, knowing and having reasonable grounds to believe that she was liable to arrest, with intent that she might escape arrest, trial, and punishment, " harbored, concealed, and aided " her. Agnes Beintner has been tried on a separate indictment charging her with the offenses mentioned, and she has been acquitted. The fact of her acquittal is the sole basis of this motion. The contention of the defendant is that he cannot be convicted, nor even tried, since the principal felon has been acquitted.

The questions are: (1) Is there an arbitrary rule that an accessory cannot be tried after the acquittal of his principal? and (2) Is the judgment of acquittal of the principal conclusive on the trial of the accessory to establish that the principal did not commit the crime? In the defendant's brief it is stated that it is " necessary, however, to prove beyond a reasonable doubt the commission by the principal of the crime charged, and failure of such proof must result in the acquittal of the accessory." With this statement there is no dispute. The district attorney concedes that on the trial of the accessory the commission by the principal of the crime charged must be established. This, however, leaves open the two questions above stated.

At common law an accessory, either before or after the fact, could not be convicted unless his principal had been convicted or was outlawed, which was the equivalent of a conviction, unless they were tried together.· The one exception was where the accessory consented to be tried before the principal. (Hale's

Pleas of the Crown, Vol. 1, chap. 58; Hawkins' Pleas of the Crown, Vol. 2, chap. 29, § 36; Commonwealth v. Andrews, 3 Mass. 126-131; Commonwealth v. Phillips, 16 Mass. 423; Baron v. People, 1 Parker, Cr. R. 246; Starin v. People, 45 N. Y. 333-335; People v. Kief, 126 N. Y. 661-663, 27 N. E. 556.) Therefore the conviction of the principal was one of the essential elements of the trial of the accessory. And this was true, even when they were tried together, for then the jury were required first to determine the guilt of the principal, and only upon so finding could they consider the guilt of the accessory. So, except where they were tried together, the fact of the conviction of the principal was alleged in the indictment against the accessory. (State v. Davis, 14 R. I. 281.) The rule regarding accessories was an arbitrary one, and seemingly grew out of the conditions that then prevailed, and the severity of the punishments to be inflicted upon conviction of crime. (Stephen's History of Criminal Law of England, Vol. 2, pp. 234-237.)

This rule has been modified in England by different statutes. It was slightly modified in 1702 by the Statute of Anne (Anne, Stat. 2, c. 9), by providing that the accessory might be tried, not only when the principal was convicted, but also when the principal offender " shall stand mute, or peremptorily challenge above the number of twenty persons returned to serve of the jury," and notwithstanding that the principal felon was " admitted to the benefit of his clergy, pardoned, or otherwise delivered before attainder." Other statutory changes are found in 7 Geo. IV (chap. 64, § 9) and 11 & 12 Vict. (chap. 46, § 1). This latter statute was repealed, but its provisions re-enacted, by 24 & 25 Vict. (chap. 94, § 3). As to accessories after the fact, it was the law until 1847 that such an accessory could be tried " only with or after the conviction of a principal felon." But in that year, by section 2 of the statute of 11 & 12 Vict., just mentioned, it was provided that such an accessory might

be tried with the principal felon, or after the principal felon, " or he may be indicted and convicted of a substantive felony, whether the principal felon has been convicted or not, or is or is not amenable to justice."

This enactment, of course, would not change the common-law rule in this State, even if that still had effect here. (Section 70, General Construction Law [Consol. Law, chap. 22].) But there are no longer any so-called common-law crimes in this State. They are now all statutory offenses. (Penal Law, § 22; People v. Knapp, 206 N. Y. 373-380, 99 N. E. 841, Ann. Cas. 1914B, 243.) Under our Penal Law a party to a crime is either a principal or an accessory (section 26). If the crime is a misdemeanor, the person, who would be an accessory if the crime were a felony, becomes a principal (section 27). An accessory is defined to be a person who, after the commission of a felony, harbors or aids the offender, with intent that he may avoid arrest, etc., having knowledge or reasonable ground to believe that such offender is liable to arrest, etc. (section 2). The punishment for being an accessory to a felony is specifically prescribed (section 1934). And the same section provides that an accessory may be indicted, tried, and convicted, " whether the principal felon has or has not been previously convicted, or is or is not amenable to justice, and although the principal has been pardoned or otherwise discharged after conviction." Under our statute the offense of being an accessory to a felony is now a substantive crime, punishable without regard to the disposition of the principal felon.

There is considerable conflict in the authorities in this country as to whether the judgment in the trial of the principal felon is conclusive in the trial of the accessory, or whether it is merely *prima facie* proof, or not admissible at all as proof. Some of the courts hold that a judgment of acquittal of the principal is conclusive proof on the trial of the accessory that the principal did not commit the crime charged. (Ray v.

State, 13 Neb. 55, 13 N. W. 2; State v. Haines, 51 La. Ann. 731, 25 South. 372, 44 L. R. A. 837.)    Other authorities hold that such a judgment is *prima facie* proof against the accessory, but is not conclusive evidence of the guilt of the principal. (Harrel v. State, 39 Miss. 702, 80 Am. Dec. 95; Buck v. Commonwealth, 107 Pa. 486-491; Rex v. Black, 4 C. & P. 377; Commonwealth v. Minnich, 250 Pa. 363, 95 Atl. 565, L. R. A. 1916B, 950; People v. Buckland, 13 Wend. 592; Levy v. People, 80 N. Y. 327; Jones v. People, 20 Hun, 545; affd., 81 N. Y. 637.)    The earlier English cases to this effect have been overruled by later decisions, which hold that such a judgment is not evidence in the accessory's case.    (Phillips on Evidence, Vol. 2, p. 49; Rex v. Turner, 1 Moody's Crown Cases, 347; Rex v. Ratcliffe, 1 Lewin, Crown Cases, 112-122, and note; Keable v. Payne, 8 Adol. & Ellis, 555-560.)

The New York cases, above cited, appear to adopt the rule of the earlier English cases, although the observations in Levy v. People (80 N. Y. 327) are merely *obiter* upon this point.    The appeal record in that case, which was tried before our Penal Code was adopted, shows that the district attorney offered proof of the conviction of the principal merely to establish the fact of conviction and not to prove that the principal had committed the crime charged.    In fact, some of the authorities fail to note the distinction between these two things.    Under the common-law rule, where the conviction of the principal was essential, the judgment of conviction was admissible to prove that fact, without being admissible as evidence of the guilt of the principal, which had to be proved independently of the record.    This was the situation in Jones v. People (20 Hun, 545).    But whatever force might have been given to the earlier New York cases, it is greatly weakened by the views expressed in the later case of People v. Kief (126 N. Y. 661, at pp. 663, 664, 27 N. E. 556). There the court said, in effect, that since the enactment of our Penal Code a judgment in the principal's action was not proof

in the accessory's action, whether such judgment was of conviction or acquittal. And if it be alleged that the statements on this subject in this later case are only *dicta,* at least the same can be said about the contrary statements in the earlier cases, as has been pointed out.

In this State the authorities seemingly are in accord that a judgment in the principal's action is not conclusive in the action of the accessory. Whether or not it is *prima facie* evidence is, as we have seen, in dispute. I see no reason why it should be admissible at all. It establishes nothing that is necessary to be proven in the accessory's action. If a judgment of acquittal of the principal was to be *prima facie* proof on the trial of the accessory that the principal had not committed the crime, then a judgment of conviction of the principal would be *prima facie* proof that he had committed it. But the theory under which judgments are admissible as proof of the facts determined shows that the judgment in question is not admissible in the action against the accessory. Judgments, when admissible in evidence, are conclusive determinations upon the facts involved, and are not merely *prima facie* proof of them. If a judgment were to be merely *prima facie* proof of the principal's guilt or innocence, then, of course, either side could offer further proof bearing on that question. When the jury came to pass on it, should they consider the judgment in evidence or merely the other proof? If they could consider the judgment, what weight should they give to it? How could they know upon what proof it was rendered, and, without knowing that, what value would it be as evidence, unless as matter of law it was held to be conclusive? To say that it is *prima facie* evidence seems to mean little or nothing. If it is evidence at all, it must be conclusive; otherwise, it should not be admitted. If a judgment is not *res adjudicata* on the questions involved it is nothing. (Kirby v. U. S., 174 U. S. 47, 19 Sup. Ct. 574, 43 L. Ed. 809; Miller v. White, 50 N. Y. 137-143, 144; Assets Realization Co. v. How-

ard, 211 N. Y. 430, 105 N. E. 680; Cæsar v. Bernard, 156 App. Div. 724-727, 141 N. Y. Supp. 659; affd., 209 N. Y. 570, 103 N. E. 1122.)

The conclusion is that a judgment in the principal felon's case, whether of conviction or acquittal, is not admissible for any purpose in an action against the accessory.

The motion is denied.