PEOPLE v. MANGIAPANE.

1. CRIMINAL LAW—DISTINCTION BETWEEN PRINCIPAL AND ACCESSORY ABOLISHED.

Under 3 Comp. Laws 1915, § 15757, the distinction between accessories before the fact and principals has been abolished, so that the acquittal of the principal does not operate as an acquittal of an accessory.

2. SAME—HOMICIDE—BURGLARY—MURDER COMMITTED BY ONE MEMBER OF PARTY.

In the prosecution of one member of a party for murder committed during the perpetration of a burglary by them, proof of the killing and that defendant aided and abetted therein is sufficient to sustain his conviction without proof as to which one of the party fired the fatal shots.

3. SAME—EVIDENCE—CONVERSATION IN PRESENCE OF DEFENDANT—
ADMISSIBILITY.

Testimony of a conversation between witness and an officer
who had defendant under arrest at the time, soon after
the commission of the crime, in which witness stated that
he had seen defendant at his house two weeks before,
but made no accusation against defendant, and said noth-
ing in any way connecting him with the crime, *held*, not
prejudicial, even if inadmissible.

4. SAME—EXCLUSION OF EVIDENCE AFTERWARD ADMITTED HARM-
LESS.

If it was error to refuse to allow a witness to testify, on
cross-examination, as to the acquittal of another member
of the party, it was not prejudicial where the record,
showing acquittal, was subsequently admitted in evidence.

5. SAME—NAMES INDORSED ON INFORMATION.

Where it appeared that the prosecuting attorney indorsed
on the information the names of all witnesses known by
him to have had any knowledge of the crime, defendant
may not complain that the prosecution did not indorse on
the information and produce as witnesses certain persons,
where defendant's counsel made no request to the court
during the trial to have said names indorsed on the in-
formation or have said persons called as witnesses, and
the record fails to show that they were *res gestæ* witnesses.

6. SAME—DISARMING PERSONS ATTENDING TRIAL—PUBLIC TRIAL—
CONSTITUTIONAL LAW.

The stationing of a court officer outside of the door of
the court room, under direction of the prosecuting at-
torney, to take the names of persons attending the trial
and search them for concealed weapons, *held*, not open
to the objection that defendant was thereby deprived of
such an open and public trial as is guaranteed by the
Constitution, where such incident was not known to the
jury, and no one was excluded from the trial.

7. SAME—NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—CUMULATIVE
EVIDENCE.

Where evidence recited in an affidavit in support of a
motion for a new trial on the ground of newly-discovered
evidence was cumulative merely, and there is no reason-
able ground for believing that on a retrial it would bring
about any different result, a new trial was properly denied.

Error to Wayne; Webster (Arthur), J.   Submitted April 14, 1922.   (Docket No. 134.)   Decided June 5, 1922.

Vito Mangiapane was convicted of murder in the first degree, and sentenced to imprisonment for life in the State prison at Jackson.   Affirmed.

*Entenza & Ricca,* for appellant.

*Merlin Wiley,* Attorney General, *Paul. W. Voorhies,* Prosecuting Attorney, and *John V. Brennan,* Assistant Prosecuting Attorney, for the people.

McDONALD, J.   The defendant was convicted of murder in the first degree on an information charging him jointly with Steve Marabito, Tony Doss, Stanley Mikenowicz and Frank Gonyeau with having killed and murdered one Mike Sineie at the city of Wyandotte, Wayne county, Michigan, on the 13th day of June, 1920.   Steve Marabito had previously been tried and acquitted.   Since defendant's trial, Stanley Mikenowicz has pleaded guilty to carrying concealed weapons.   The case against Doss went down on an order of *nolle prosequi,* and Frank Gonyeau, who at first pleaded guilty to murder in the second degree, changed his plea to not guilty, and then pleaded guilty to carrying concealed weapons.   The defendant had a separate trial.

It is the theory of the people's case that on the evening of the murder this defendant and others, including the four men named with him in the information, went by agreement to a house on the corner of 5th and Oak streets for the purpose of committing a burglary; that the defendant and Gonyeau remained outside as guards while the others entered; that in attempting to commit the burglary, they shot and killed Mike Sineie.   Gonyeau was taken in custody by the

police officers as he was running away from the house, and defendant was found behind a tree, in front, with a gun by his side. Gonyeau confessed, and was a witness for the people in the case against Marabito, and again in this case against the defendant.

The defendant claims that he knew of no plan or attempt to commit burglary; that he was not a party to it; that no plan had been made earlier in the evening at his house, as the people claim; that he had no knowledge of the burglary and was in no way implicated in it. On the trial the defendant was a witness in his own behalf and produced other witnesses who testified that he was not at home at the time the people claim the burglary was planned.

At the beginning of the trial defendant's counsel moved to quash the information for the reason that Steve Marabito, who was jointly charged with defendant, and who, it was claimed, fired the shot that killed Sineie, had been acquitted. The question was again raised by requests to charge and on a motion for a new trial. The action of the court in relation thereto forms the basis for assignments of error 1, 2, 10, 14, 15 and 24.

Does the acquittal of Steve Marabito, under the circumstances of this case, operate as an acquittal of the defendant? That is the question presented by these assignments.

Our statute has abolished the distinction between accessories before the fact and principals.

"* * * All persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, may hereafter be indicted, tried and punished as principals." * * * 3 Comp. Laws 1915, § 15757.

Before the enactment of this statute, the conviction of the principal was essential to the prosecution of
219—Mich.—5.

the accessory. Now all are principals, and the guilt of one does not depend upon the guilt of the other. The effect of our statute is to permit the prosecution of one who aids and abets, without regard to the conviction or acquittal of one who, under the common law, would have been called the principal. That is what the statute intended to accomplish in abrogating the common-law rule.

In this case, the defendant was charged under the statute as a principal. To establish the offense under its theory the State must prove, beyond a reasonable doubt, the fact of killing, and that the defendant aided and abetted. It is not necessary that it should prove that the actual killing was done by Steve Marabito. So far as this defendant's case is concerned, it is immaterial which of the party fired the fatal shots. If there was a killing and he aided and abetted, the offense against him is complete. The jury that acquitted Steve Marabito did not find that no murder had been committed. The important fact here is the killing and murdering of Mike Sineie, and that fact is clearly established by the evidence. It is just as clear that it was done by some of those with whom defendant was connected. The fact that the people are unable to show which one did it does not mean that all are to escape prosecution.

This is the first time that this question has been before this court, but in the State of New York, where they have a statute substantially like ours, the same question arose in the case of *People* v. *Kief,* 126 N. Y. 661 (27 N. E. 556). That court said:

"At present a defendant must go to the jury upon such competent and relevant evidence as tends to prove his guilt, and quite irrespectively of the intrinsic and irrelevant fact that one or more of the defendants jointly charged as accomplices have been acquitted upon their separate trials."

The acquittal of Steve Marabito did not operate as an acquittal of this defendant, and the court was not in error in so holding.

Sam Morino, a witness for the people, was an inmate of the house at the time of the murder. He jumped through a window and alighted near officer Lybik, and defendant, who was then under arrest. Over objection he was permitted to testify to a conversation which he had at that time with Mr. Lybik in defendant's presence.

"Mr. Lybik said to me, Do you know anybody? I says, no. I can't told nobody who was it; I can't tell who nobody was; nobody who was inside; nobody who came inside that is what I told to him; at that time I say to Mr. Lybik I know that guy; Mr. Lybik say to me where do you know him; I say I see him before; I seen him at my house two weeks before that trouble; I saw him in this house; down there at Oak and Fifth; I guess about two weeks before this happened; about two weeks, I don't know exactly. I can't told exactly."

On the admission of this testimony, assignments of error 4, 5, 17, and 18 are based. Whether the statements made by this witness were admissible as part of the *res gestæ*, it is not necessary to determine. They were entirely harmless. He did not make any accusations against the defendant, or say anything that would connect him in any way with the crime. He simply said: "I know that guy. * * * I see him before." If there was error in admitting this testimony it was without prejudice to the defendant.

The court refused to allow witness Frank Gonyeau to testify on cross-examination as to the verdict in the case against Marabito. (Assignments of error 7 and 20.)

The evident purpose in examining the witness on this question was to show that Marabito had been acquitted. If such testimony were at all relevant to the issue, defendant had no reason to complain, for

the record, showing acquittal, was subsequently admitted in evidence.

Complaint is made in assignments of error 9 and 23 that the prosecution did not indorse on the information and produce as witnesses, Frank Hinzman, Louis Bayne, Fred Stieler and Mr. Weaver. It appears that the prosecuting attorney indorsed on the information the names of all witnesses known by him to have had any knowledge of the crime. It further appears that during the trial counsel for defendant made no request to the court to have the names of these men indorsed on the information or to have them called as witnesses. That they were *res gestæ* witnesses does not appear from the record. For these reasons there is no foundation for assignments 9 and 20.

Was the defendant denied a public trial? (Assignments of error 12 and 25.) It is claimed by counsel for defendant that during the trial a court officer stationed outside of the door of the court room, under the direction of the prosecuting attorney, took the names of Italians who came to attend the trial, and searched them to ascertain if they carried weapons. This proceeding was not known to the jury, but was called to the attention of the court. He at once ordered it stopped. The prosecuting attorney claimed that as an order had been made excluding all witnesses from the court room, he was taking the list of names to keep a check on these witnesses. The purpose of searching them for weapons was apparent and, we think, under the circumstances, was justified. It was well known to the prosecuting attorney that most of the Italians of this class carried concealed weapons, and he seems to have thought that it was his duty to see to it that the judicial atmosphere was not disturbed by any gun play during the trial. He should not have done so without the court's sanction. However, no harm was done because no one was excluded

from the trial, and the incident was not known to the jury. Under these circumstances, it cannot be said that the defendant did not have such an open and public trial as is guaranteed by the Constitution.

It is claimed that the court erred in refusing a new trial on the claim of newly-discovered evidence. The evidence which counsel recites in his affidavit would only be accumulative of that given in this trial by other witnesses for the defendant, and is of such a character that there is no reasonable reason for believing that on a retrial it would bring about any different result than was had on this trial. I have not thought it advisable to enter into any profitless discussion of those assignments of error which seem to me to be wholly without merit.

The defendant has had a fair and impartial trial. The record shows that he was a willing participant in a deliberately planned burglary in the carrying out of which Mike Sineie was killed and murdered. The circuit judge was at all times eminently fair, and gave the defendant every benefit and advantage that he was entitled to under the law.

The conviction is affirmed.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.