PEOPLE v PAIGE

Docket No. 67015. Submitted June 27, 1983, at Detroit.—Decided
    December 6, 1983.

   Samuel Paige was convicted of first-degree murder and felony-
   firearm following a jury trial in Recorder's Court of Detroit,
   Leonard Townsend, J. Following an assault on Rachel Powell,
   defendant and Wilmon Nichols, armed with firearms, went to
   the area of the assault. Powell identified Rodney Dozier as one
   of her assailants, and, thereafter, either defendant or Nichols
   fatally shot Dozier. Both defendant and Nichols were charged
   with first-degree murder and felony-firearm. Nichols was tried
   in a bench trial with Judge Townsend presiding. The prosecu-
   tion presented conflicting evidence as to whether defendant or
   Nichols fired the fatal shot. Judge Townsend specifically found
   that Nichols fired the fatal shot and found Nichols to be guilty
   of second-degree murder. At defendant's jury trial, the prosecu-
   tion proceeded on alternative theories: defendant was the prin-
   cipal who shot Dozier, or defendant aided and abetted Nichols
   in the murder of Dozier. As to either theory, the prosecution
   argued that, as to both Nichols and the defendant, the evidence
   established that the murder had been committed with premedi-
   tation. Defendant argued, without avail, that the trial court
   was estopped from submitting the case to the jury on the first-
   degree murder charge since Nichols had already been found to
   be the principal and had been found not to have the intent
   necessary to establish premeditation. Defendant sought, with-
   out success, to have admitted into evidence the fact that

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 21 Am Jur 2d, Criminal Law §§ 176, 322.
    Acquittal of principal, or his conviction of lesser degree of offense,
        as affecting prosecution of accessory or aider and abettor. 9
        ALR4th 972.
    Modern status of doctrine of res judicata in criminal cases. 9
        ALR3d 203.
[2] 21 Am Jur 2d, Criminal Law § 168 et seq.
    40 Am Jur 2d, Homicide § 33.
[4] 30 Am Jur 2d, Evidence § 1130.

Nichols had been convicted of second-degree murder. Defendant also objected to the aider and abettor instructions given to the jury. Defendant appeals. *Held:*

1. The constitutional protection against double jeopardy incorporates in criminal trials the doctrine of collateral estoppel so that, as between the same parties, an issue of ultimate fact which has once been determined by a valid and final judgment cannot again be litigated in a future lawsuit. However, the Double Jeopardy Clauses of the United States and Michigan Constitutions do not require the application of the doctrine of nonmutual collateral estoppel so that a determination as to a principal in the trial of a principal forecloses putting the same question to the trier of fact in the subsequent trial of an accessory.

2. The application of the doctrine of nonmutual collateral estoppel is not mandated in this case, since the jury could have found defendant guilty as a principal rather than as an aider and abettor and neither fairness nor justice requires such application in this case.

3. Evidence that Nichols had been convicted of second-degree murder was irrelevant to the jury's consideration of defendant's guilt.

4. The trial court's instructions on aiding and abetting were proper.

Affirmed.

1. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — COLLATERAL ESTOP-
PEL — NONMUTUAL COLLATERAL ESTOPPEL — CRIMINAL LAW.

   The Fifth Amendment guarantee against double jeopardy does not incorporate the doctrine of nonmutual collateral estoppel such that the acquittal of the principal forecloses the trial of another as an aider and abettor to the crime which was at issue in the prior trial of the principal (US Const, Am V).

2. CRIMINAL LAW — PRINCIPALS — ACCESSORIES.

   The effect of the statute providing that one who procures, counsels, aids, or abets in the commission of an offense may be charged and convicted as a principal is to permit the prosecution of one who aids and abets, without regard to the conviction or acquittal of one who, under the common law, would have been called the principal; accordingly, the conviction of the principal of second-degree murder does not preclude conviction of an aider and abettor of first-degree murder (MCL 767.39; MSA 28.797).

3. Constitutional Law — Double Jeopardy — Collateral Estop-
     pel — Nonmutual Collateral Estoppel — Criminal Law.
  The doctrine of nonmutual collateral estoppel in criminal cases is
     not embodied in the constitutional protection against double
     jeopardy found in either the United States or Michigan consti-
     tutions; if the doctrine of nonmutual collateral estoppel were to
     be adopted in criminal cases, it should be limited to those cases
     where fairness and justice required its application (US Const,
     Am V; Const 1963, art 1, § 15).

4. Criminal Law — Evidence — Principals — Accessories.
  Evidence of the verdict rendered in a prior criminal trial of a
     principal is not admissible in the subsequent trial of an aider
     and abettor of that principal on charges arising out of the same
     transaction where, as in Michigan, the distinction between
     principals and accessories has been abrogated.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Carolyn Schmidt,* Assistant Prosecuting Attorney, for the people.

*Gerald M. Lorence,* for defendant on appeal.

Before: Cynar, P.J., and Hood and R. J. Jason,* JJ.

Per Curiam. Defendant appeals as of right from his jury conviction of first-degree murder, MCL 750.316; MSA 28.548, and felony-firearm, MCL 750.227b; MSA 27.424(2).

On the morning of March 6, 1982, two men assaulted and wounded Rachel Powell, defendant's ladyfriend, in an attempt to rob her. After Ms. Powell received medical treatment for her wound, she, defendant, defendant's brother Wilmon Nichols, and Nichols's wife, Romanitta Nichols, drove back to the area where Ms. Powell had been assaulted. Defendant and Nichols brought fire-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

arms; defendant had a rifle and Nichols carried a sawed-off shotgun. When Ms. Powell indicated she saw one of her assailants, defendant and Nichols left the car with their weapons. Soon after, either defendant or Nichols fatally shot Rodney Dozier.

Both defendant and Nichols were charged with first-degree murder and felony-firearm. At Nichols's bench trial, the people presented conflicting evidence regarding which codefendant actually shot Dozier. The trial judge, who also presided at defendant's subsequent jury trial, specifically found that Nichols fired the fatal shot.

The people submitted defendant's case to the jury on alternate theories: either defendant was the principal who shot Dozier or defendant aided and abetted Nichols in the murder of Dozier. With either theory, the people argued that the evidence showed that defendant and Nichols intended to track down and murder Ms. Powell's assailants and thus established that both defendant and Nichols had the requisite mental element or intent to be found guilty of premeditated murder.

Defendant argues that the trial court was estopped from submitting the people's case to the jury on the first-degree murder charge. Defendant argues that, because his codefendant was found to lack the necessary mental element to be found guilty of first-degree premeditated murder, the jury was precluded from deciding that issue at his trial. Moreover, defendant argues that the trial court should have precluded the people's theory that he was the principal, that is the person who fired the fatal shot, as that issue was also determined in Nichols's earlier trial.

In *Ashe v Swenson,* 397 US 436, 443; 90 S Ct 1189; 25 L Ed 2d 469 (1970), the court found that collateral estoppel, or issue preclusion, does apply

to criminal as well as civil cases. The court defined collateral estoppel:

"[W]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated *between the same parties* in any future lawsuit." (Emphasis added.)

The court found that collateral estoppel as applied to criminal litigation was embodied in the Fifth Amendment guarantee against double jeopardy. Therefore, the collateral estoppel doctrine applied to state criminal prosecutions via the Fourteenth Amendment.

In this case, because there is no mutuality of parties involved in these criminal cases, defendant asks this Court to adopt the doctrine of nonmutual collateral estoppel. Defendant argues that, because the government litigated the same issues involving the same transaction in Nichols's trial, the government should be bound by the judgment in the prior case and should have been precluded from retrying those issues in the action against him.

In *Standefer v United States,* 447 US 10; 100 S Ct 1999; 64 L Ed 2d 689 (1980), the court refused to adopt the application of the doctrine of nonmutual collateral estoppel in criminal cases. The court held that an aider and abettor could be found guilty even though the principal is previously acquitted in a separate action. The court stated in a footnote: "Nothing in the Double Jeopardy Clause or Due Process Clause forecloses putting petitioner on trial as an aider and abettor simply because another jury has determined that his principal was not guilty." 447 US 22, fn 6.

Defendant argues that this Court should find that the doctrine of nonmutual collateral estoppel

is applicable to criminal cases in this state as a matter of Michigan's constitutional protection against double jeopardy. Const 1963, art 1, § 15. Defendant relies upon *People v Taylor,* 12 Cal 3d 686, 698; 117 Cal Rptr 70; 527 P2d 622 (1974), in which the court concluded that the lack of identity of parties-defendant did not preclude the application of the doctrine of collateral estoppel where an accused's guilt must be predicated upon his or her vicarious liability for the acts of a previously acquitted confederate.

Taylor was the getaway driver in a liquor store robbery perpetrated by Smith and Daniels. The liquor store owner shot and killed Smith during the robbery. Daniels was acquitted of Smith's murder. However, Taylor was found guilty of Smith's murder on a theory that he was vicariously liable for his confederate's actions. The *Taylor* court specifically limited its holding to the circumstances of that case.

We do not find *Taylor* persuasive. First, by statute, MCL 767.39; MSA 28.979, the common-law distinction between accessories and principals is abrogated. Thus the conviction of a principal as a prerequisite to a valid conviction of the aider and abettor is not required. *People v Mangiapane,* 219 Mich 62; 188 NW 401 (1922); *People v Brown,* 120 Mich App 765, 771; 328 NW2d 380 (1982). If an accessory may be convicted despite the principal's acquittal, it follows that an accessory can be found guilty of a greater offense than the offense for which the principal was found guilty.

Second, even if we should disagree with the above rule, the circumstances in this case would not warrant the application of the nonmutual collateral estoppel doctrine. The people presented legally sufficient evidence in defendant's trial to

prove defendant guilty as a principal as well as an aider and abettor.

Third, even if we were to adopt a doctrine of nonmutual collateral estoppel in criminal cases, we would limit that doctrine's application to those cases where fairness and justice required, since we do not agree that the doctrine is embodied in any constitutional protection against double jeopardy. *Standefer, supra.* We do not find that fairness and justice require the doctrine's application in this case.

Defendant's second argument is that the trial court erred by refusing to allow in as evidence the fact that Nichols was only convicted of second-degree murder. Defendant correctly states that the people had to prove the principal's guilt at defendant's trial in order to prove the defendant's guilt as an accessory. Defendant argues that Nichols's second-degree murder conviction was proof that Nichols, as the principal, was not guilty of premeditated murder. That proof, argues defendant, should have been admitted as evidence that defendant, as the accessory, was not or could not be guilty of first-degree murder.

We agree with the trial court's ruling that evidence of the fact that Nichols had been convicted of second-degree murder was irrelevant evidence. MRE 401. "[W]here the acquittal of the principal does not affect the criminal liability of the accessory * * * the record of acquittal is not admissible in evidence on the trial of the accessory to prove the innocence of the principal." 22 CJS, Criminal Law, § 105, p 295. Moreover, such evidence would tend to obfuscate the independent factfinding responsibility of a jury.

Finally, we find no merit in defendant's third argument. The trial court's aiding and abetting

instruction was proper. The example the trial court gave with that instruction was not so similar to the facts of this case as to be prejudicial.

Affirmed.