## 73162. WHITE v. THE STATE.
(352 SE2d 205)

BEASLEY, Judge.

White was indicted for intentionally aiding, abetting, and encouraging the commission of the murder of Little. McCord was indicted and tried for the actual murder, but was convicted only of voluntary manslaughter. This Court reversed that conviction, and on retrial McCord was acquitted. Thereafter, White filed a motion in limine, which was denied, seeking permission to introduce evidence of McCord's indictment and acquittal during her own trial. We granted White's interlocutory appeal. *Held*:

Defendant would not be permitted, by law, to introduce in her trial as an alleged aider and abettor a certified copy of the indictment, plea, and verdict showing that her co-defendant, the alleged principal, had been acquitted.

OCGA § 16-2-21 provides that an indirect party to a crime may be convicted of the crime even if the direct perpetrator is acquitted. Thus the acquittal is irrelevant to the question of whether defendant is guilty of the crime with which she is charged. As held in *Eades v. State*, 232 Ga. 735, 738 (4) (208 SE2d 791) (1974): "The acquittal of one party to a crime does not bar the prosecution and conviction of another party to the crime in a separate and distinct trial of the issues."

An acquittal may occur for one of a myriad of reasons, or for no explicable reason. A crucial witness may have been absent or may have temporarily forgotten important testimony, for example. The logic of the inconclusiveness of an acquittal was explained in *Porter v. State*, 200 Ga. 246, 257 (3) (36 SE2d 794) (1946): "Though the principal in the first degree may subsequently be acquitted by a jury, in spite of the fact that the evidence authorizes a verdict of guilty, this failure of justice would not render unjust or regrettable the previous conviction of the principal in the second degree where that conviction is sustained by evidence. His evil design and criminal conduct are condemned and punished by the law, and his offense is unmitigated and society is no less injured by his acts because the principal may himself escape conviction." The co-defendant's acquittal, then, does not prove that the crime was not committed. It would merely put the co-defendant's trial on trial in this case: why did the jury not convict the co-defendant? That is not an issue in this case.

Inasmuch as the evidence of the co-defendant's acquittal would be offered to show that a crime had not in fact been committed or that, if it was, defendant and her co-defendant were not involved, it is inadmissible because the acquittal is irrelevant to these issues. This does not diminish the burden on the state to prove both the crime and defendant's participation in it.

*Judgment affirmed. Banke, C. J., McMurray, P. J., Birdsong, P. J., Carley, Sognier, and Pope, JJ., concur. Deen, P. J., and Benham, J., dissent.*

DEEN, Presiding Judge, dissenting.

As correctly pointed out by the majority opinion, acquittal of one party to a crime does not bar prosecution and conviction of another party. OCGA § 16-2-21, generally; *Eades v. State,* 232 Ga. 735 (208 SE2d 791) (1974). Also, it seems well settled that evidence of the conviction of the person claimed to have directly committed the crime is admissible in the trial of one who allegedly aided or abetted that principal. See *Porter v. State,* 200 Ga. 246, 255 (36 SE2d 794) (1946); *Douberly v. State,* 184 Ga. 577, 578 (192 SE 226) (1937). It strikes this writer that since evidence of a principal's conviction is admissible at the trial of an alleged aider and abettor, fairness dictates a corollary rule allowing admission of evidence of the principal's acquittal, for whatever that evidence is worth.

Emphasizing that an acquittal is inconclusive because it "may occur for a myriad of reasons, or for no explicable reason," the majority concludes that evidence of a principal's acquittal is irrelevant. Certainly the majority is correct in stating that an acquittal may result because of a number of reasons, but that does not explain away the fact that one of the possible reasons is that in the trial of the principal, the jury found that no crime had been committed. For that reason, although evidence of a principal's acquittal may not carry much weight because of the "myriad of reasons" for its occurrence, such evidence is not irrelevant. Provided that the jury is instructed as to the relative weight of evidence of a principal's acquittal, such evidence should be admissible in the trial of an alleged aider and abettor.

Accordingly, I respectfully dissent.

I am authorized to state that Judge Benham joins in this dissent.

DECIDED DECEMBER 4, 1986 —
REHEARING DENIED DECEMBER 18, 1986 —

*Will Ed Smith,* for appellant.
*Beverly B. Hayes, District Attorney, Samuel A. Hilbun, Assistant District Attorney,* for appellee.