## 44224. WHITE v. THE STATE.
(356 SE2d 875)

GREGORY, Justice.

Glen McCord was indicted on June 11, 1984 for the murder of Douglas Little. He was found guilty of voluntary manslaughter in a jury verdict rendered August 14, 1984. The appellant, Sandra White, was then indicted on April 22, 1985 for the murder of the same victim by aiding, abetting, encouraging and counselling the commission of the crime. On August 16, 1985 she was found guilty of voluntary manslaughter. In the meantime McCord had appealed his conviction to the Court of Appeals which reversed on the basis of an erroneous charge. *McCord v. State*, 176 Ga. App. 505 (336 SE2d 371) (1985). Since the same charge was given in White's case the trial court granted her a new trial. On remand the case against McCord was tried again, resulting in a verdict of not guilty on February 7, 1986. White then filed a motion in limine seeking an order permitting the introduction in her trial of a copy of McCord's indictment and verdict of acquittal. The trial court denied the motion but granted a certificate of immediate review. The Court of Appeals affirmed, holding the acquittal irrelevant in White's case. *White v. State*, 181 Ga. App. 354 (352 SE2d 205) (1986).

As is apparent from the foregoing recitation, the question before us is whether the acquittal of the principal is relevant evidence on the issue of the guilt or innocence of one charged as a party to the crime under OCGA § 16-2-20 (a) and (b) (3), (4)? We hold that it is.

The State relies on OCGA § 16-2-21 which provides: "Any party to a crime who did not directly commit the crime may be indicted, tried, convicted, and punished for commission of the crime upon proof that the crime was committed and that he was a party thereto, although the person claimed to have directly committed the crime has not been prosecuted or convicted, has been convicted of a different crime or degree of crime, or is not amenable to justice or has been acquitted." But this misses the mark. White does not contend the acquittal of McCord bars her own prosecution. (Clearly the Code provides otherwise.) She contends proof of the guilt of the principal is a necessary element in the crime of one who does not directly commit the crime but is charged as an aider, abettor, encourager or counsellor in the commission of the crime. The acquittal of the principal is some evidence she did not aid, abet, etc. We agree. It is relevant. There may be numerous reasons why a defendant is acquitted other than his own innocence, but one reason he might be acquitted *is* his innocence. We consider the test of relevancy is the question, ". . . does the evidence offered render the desired inference more probable than it would be without the evidence?" McCormick on Evidence, 2nd ed. § 185, p. 437. The desired inference here is that White is not guilty.

That inference is more probable in light of evidence of McCord's acquittal than it would be without evidence of McCord's acquittal.

*Judgment reversed. All the Justices concur, except Weltner and Hunt, JJ., who dissent.*

HUNT, Justice, dissenting.

I respectfully dissent. Under the broad standard cited by the majority, the acquittal of the principal in this case may indeed be "relevant." However, the trial court excluded this evidence not on relevancy grounds but because "to allow into evidence either a conviction or acquittal of [the principal] would be so prejudicial that any curative instructions or a charge of OCGA § 16-2-21 would not be sufficient to overcome same." I agree with the trial court that regardless of the "relevancy" of evidence of an acquittal or conviction of the principal to the trial of an accessory, the evidence should be excluded because the prejudicial effect of a verdict of a separate fact-finding body cannot be overcome. Moreover, the great weight of authority excludes this evidence for considerations of policy because it does not suggest an inference of *fact* that it is more probable than not that the principal perpetrator is innocent. Rather, an acquittal is a determination of nonliability of the defendant by one set of fact-finders. See *State v. Wilson*, 483 S2d 23 (Fla. App. 2 Dist., 1986); *People v. Paige*, 345 NW2d 639 (Mich. App., 1983); *People v. Jones*, 518 P2d 819 (Colo. 1974); *Roberts v. People*, 87 P2d 251 (103 Colo. 250, 1938); *People v. Beintner*, 168 NYS 945 (1918); see also 22 CJS 295, Criminal Law, § 105. As stated by the Colorado Supreme Court in *Roberts v. People*, supra at 255, "[i]nnocence is a factual status. Non[-]liability . . . resulting from acquittal is a legal status. The guilt [or] innocence of an accessory after the fact depends as to one element on the *factual* status of the principal as to guilt or innocence; not on his *legal* status as regards liability or non-liability to suffer a penalty." (Emphasis supplied.) The foregoing authorities are consistent with the policy of this state to exclude from evidence in one proceeding a determination of liability by a different fact-finding body in any prior proceeding involving the same issue. See, e.g., *Smith v. Goodwin*, 103 Ga. App. 248 (119 SE2d 35) (1961) (adjudication in traffic court inadmissible in case against defendant in civil suit); *Security Life Ins. Co. v. Blitch*, 155 Ga. App. 167, 168 (2) (270 SE2d 349) (1980) (verdict of coroner's jury inadmissible in subsequent actions on the issue of the cause of death); OCGA § 22-2-110 (award of special master in condemnation case inadmissible in subsequent jury trial). It is no longer the law that the conviction of a principal perpetrator is a prerequisite to the conviction of an accessory. Now, under OCGA § 16-2-21, an indirect party to a crime may be convicted of the crime even if the direct perpetrator is acquitted. Accordingly, the acquittal or conviction of the

principal perpetrator, not being conclusive in a trial of the accessory, has no bearing on the question of whether an accessory is guilty. "If [the jury] could consider the judgment, what weight should they give to it? How could they know upon what proof it was rendered, and, without knowing that, what value would it be as evidence, unless as a matter of law it was held to be conclusive? . . . If it is evidence at all, it must be conclusive; otherwise, it should not be admitted. If a judgment is not res adjudicata [sic] on the questions involved it is nothing. [Cits]." *People v. Beintner,* supra.

Under the majority's holding, the following would be admissible: the verdicts of guilty of voluntary manslaughter in previous trials of this defendant and the principal perpetrator; the conviction of a principal perpetrator in a trial of an aider-abettor; the indictment against a defendant in his trial for the offense charged; a previous verdict in any case which for any reason must be retried. The relevancy test cited by the majority was not intended to be the standard by which such matters would be included as evidence. In my view, the trial court ruled properly that the principal's acquittal should be excluded because of its overwhelming prejudicial effect.

I am authorized to state that Justice Weltner joins in this dissent.

DECIDED JUNE 19, 1987 —
RECONSIDERATION DENIED JULY 8, 1987.

*Smith & Harrington, Will Ed Smith,* for appellant.
*Beverly B. Hayes, District Attorney,* for appellee.