## 54440. FULLER v. THE STATE.

DEEN, Presiding Judge.

1. The defendant was tried on an indictment charging him with the murder of his wife by shooting her with a rifle, and was convicted of voluntary manslaughter. Error is enumerated on the failure to instruct the jury on the law of either grade of involuntary manslaughter. Since neither side requested such a charge, the failure to give it was not error. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354).

2. The defendant, covered with blood, went to a neighbor's house to report his wife's death shortly after 10:30 in the evening and police arrived between 10:30 and 11. Around 1 a.m. the sheriff, after a preliminary examination, sent an officer to bring the defendant to the station for further interrogation, and at a time described in the record only as "late at night" a warrant was issued for his arrest, which, from its date, had to have been after midnight. The following afternoon the defendant executed a written statement which reads in part: "My wife told me that supper was ready, to come on and eat. I went into the kitchen. I told her to cook me some weiners.

She told me to cook them myself. At that point I cussed my wife and she cussed me back. . . I stood all I could take, so I then went into the bedroom, picked up my 22 rifle, when I returned I told her to shut up or I would shoot her. She told me I didn't have guts enough to shoot her but she would cut my damn throat. I took my left hand and pushed her back. After I shoved her back she kept arguing and that is when I shot her."

A statement made during questioning at the station house and before the arrest warrant was served was to the effect that the defendant and his wife had scuffled over the gun and it had gone off by accident.

There was a suppression hearing in which it was established that prior to these statements the defendant had twice been apprised of the rights guaranteed by Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694). The trial court's decision finding the confession voluntary "must be accepted by the appellate courts unless his decision is clearly erroneous." *Gibbs v. State,* 235 Ga. 480, 483 (220 SE2d 254). There is in fact no evidence at all that the confession was not voluntary, and the motion seems grounded on the proposition that no arrest warrant had issued at the time the defendant was asked to come down to the station house. The warrant was apparently served before the written statement was obtained, and the latter was more incriminating than the original oral statements, so that it would appear no error harmful to the defendant occurred in any event. However, comparing the facts here with a similar situation in *Sanders v. State,* 235 Ga. 425, 438 (219 SE2d 768) the defendant was arrested without a warrant during the night of September 18 when he was taken to the sheriff's office for questioning, and the arrest was legal because based on probable cause even though the sheriff hesitated to obtain a warrant at first because he was uncertain as to whether he had sufficient evidence to obtain one.

3. The evidence was entirely adequate to support the conviction of voluntary manslaughter. *Seymour v. State,* 210 Ga. 571 (7) (81 SE2d 808). As we have pointed out, the motion to suppress the confession was properly overruled, and there were no further objections to the testimony of peace officers in referring to the various incriminating

statements made by the defendant during the night of the investigation. The defendant himself offered no evidence. The instructions given as to the law of confessions were proper.

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 7, 1977 — DECIDED SEPTEMBER 30, 1977.

*Edge & Edge, Eugene F. Edge,* for appellant.
*Charles Crawford, District Attorney, T. Joseph Campbell, Assistant District Attorney,* for appellee.