## 58375. JOHNSON v. THE STATE.

SHULMAN, Judge.

In a trial for the offense of murder, appellant was found guilty of voluntary manslaughter. We reverse.

1. Appellant asserts that the trial court erred in refusing to charge in accordance with the theory of accident. See Code Ann. § 26-602. We agree.

At trial appellant chose to take the stand. Appellant's testimony showed that he picked up a shotgun in response to the victim's advancing toward appellant in a menacing fashion, and that as appellant was attempting to load the shotgun, the shotgun accidentally discharged, striking the decedent.

The refusal to charge the law of accident under these facts constituted reversible error. *Darby v. State,* 9 Ga. App. 700 (1) (72 SE 182). Compare *Baker v. State,* 12 Ga. App. 553 (1, 2) (77 SE 884), holding that no defense of accident was raised by evidence showing that the accused without justification intentionally pointed a pistol at the victim, which pistol unintentionally discharged. Compare *Dobbs v. State,* 132 Ga. App. 368 (208 SE2d 178), holding that the defense of accident is unavailable where the accused intentionally shot at another while acting in self-defense.

2. Absent a proper request, the trial court did not err in failing to instruct the jury on involuntary manslaughter. *Fuller v. State,* 143 Ga. App. 373 (1) (238 SE2d 736). Compare *Jackson v. State,* 143 Ga. App. 734 (3) (240 SE2d 180), where a charge on involuntary manslaughter was properly requested.

3. Appellant, citing *Salisbury v. State,* 221 Ga. 718 (2) (146 SE2d 776), complains that the charge of the court erroneously restricted the jury to a consideration of the state's evidence. We cannot agree.

A review of the charge in its entirety (which charge included instructions on the presumption of innocence, reasonable doubt and the state's burden of disproving affirmative defenses once raised) shows that the charge is

not susceptible to the criticism lodged against it. See, e.g., *Breland v. State,* 134 Ga. App. 259 (2) (214 SE2d 186).

4. In spite of evidence that the accused, the deceased, and various witnesses testifying at trial had been drinking on the day of the homicide, the trial court properly refused to charge Code Ann. § 68A-902.1 concerning presumptions arising from the presence of alcohol in the body.

This request was irrelevant to the issues of this case and was properly rejected as such. Cf. *Davis v. State,* 143 Ga. App. 329 (3) (238 SE2d 289). As to the effect of voluntary intoxication generally, see *Young v. State,* 239 Ga. 53 (5) (236 SE2d 1).

5. At trial the state offered a photograph showing the part of the accused's home where the gun used in the homicide was found. Because the walls of the room appearing in the photograph contained arguably obscene or offensive graffiti, defense counsel sought to have the photograph excluded on the ground that it placed the accused's character in issue. We cannot agree that the admission of this photograph over appellant's objection constituted error.

This photograph was admissible " 'for the purpose of explaining and applying the evidence and assisting the court and jury in understanding the case.' " *Jackson v. State,* 225 Ga. 39, 47 (8) (165 SE2d 711); *O'Neal v. State,* 213 Ga. 232 (2) (98 SE2d 376); *Creel v. State,* 216 Ga. 233 (2) (115 SE2d 552). Since the photograph was otherwise admissible, it was not subject to exclusion merely because it tended to place the accused's character in issue. *Haas v. State,* 146 Ga. App. 729 (4) (247 SE2d 507).

6. Over appellant's objection, a witness was permitted to testify that on two separate occasions prior to the homicide for which the accused was on trial, the accused had shot at a named person and at a group of children. Appellant's assertion that the court erred in admitting this evidence of independent criminal acts is well taken.

Although evidence of independent criminal acts has been held admissible in a homicide prosecution for the purpose of showing malice which would tend to rebut a claim of self-defense (see *Thomas v. State,* 239 Ga. 734 (5)

(238 SE2d 888)), an examination of the evidence admitted in this case shows that the independent acts were not connected in point of time with the offense charged. This being so, the evidence forming the subject of appellant's objection did not fall within the exception to the general rule of inadmissibility contained in Code Ann. § 38-202. See Division 7 of this opinion.

7. The admission of an indictment dated October, 1968, charging appellant with having committed the offense of murder on September 9, 1968, and the jury's verdict of voluntary manslaughter returned thereon constituted error. This evidence was so remote and unconnected with the offense charged in the present indictment (occurring February 3, 1978) that it did not come within an exception to the rule that such evidence is generally inadmissible. *Palmer v. State,* 75 Ga. App. 789 (1) (44 SE2d 567). Compare *Barber v. State,* 95 Ga. App. 763 (2b) (98 SE2d 575), with id., Division 1 (b).

*Judgment reversed. Deen, C. J., and Carley, J., concur.*

SUBMITTED SEPTEMBER 5, 1979 — DECIDED OCTOBER 22, 1979.

*Roy E. Harkleroad,* for appellant.
*Dewey Hayes, District Attorney, M. C. Pritchard, Assistant District Attorney,* for appellee.