### 65031. McCARTY v. THE STATE.

QUILLIAN, Presiding Judge.

Indicted for burglary and alternatively for theft by shoplifting, defendant appeals his conviction for burglary. *Held:*

In four enumerations defendant asserts a single error, the admission of evidence of a prior offense.

The state's evidence showed that defendant was the manager of a Gibson's discount store in Athens. On March 27, 1981, he was observed entering the store before employees were authorized to enter and removing merchandise he did not pay for which was subsequently discovered in his motor vehicle. Upon being confronted, defendant made some incriminating admissions and was discharged.

Defendant testified denying making any incriminating admissions and said that although he took the merchandise he had filled out a charge slip for it which had been lost or misplaced until the following month. Defendant also presented evidence that other employees had entered the store at times not authorized.

In cross-examination of defendant and by a rebuttal witness the state produced evidence of two prior similar acts of misconduct to show defendant's intent, bent of mind, or course of conduct. The most recent incident occurred in September 1976, when defendant was employed by a Richway store. He was stopped when leaving the store with some merchandise which had not been paid for and was accused of trying to steal it. Defendant quit the job on the spot. The other incident occurred in March 1970 when defendant was employed at a drugstore and caused some merchandise which had not been paid for to be removed from the store for his own use. He was dismissed from that employment.

Defendant asserts error as to the admission of the 1970 drugstore incident only. He argues that the incident was not shown to be sufficiently similar and that it was too remote in time to be admissible.

" '[B]efore evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.] Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. (Cits.)' [Cit.]" *State v. Johnson,* 246 Ga. 654 (1), 655 (272 SE2d 321).

Since the gravamen of the offense being tried was stealing from his employer and the prior incident of misconduct was also the taking of merchandise from an employer without authority, we find sufficient similarity to make the prior incident admissible to show defendant's intent, bent of mind or course of conduct, as well as to impeach his testimony indicating that he had no intent to steal.

On the issue of remoteness, defendant correctly states that there is a dearth of case law to support the admissibility of an 11-year-old prior offense. Offenses up to 8 years have been held admissible, however. See, e.g. *Robinson v. State,* 246 Ga. 469 (2) (271 SE2d 786); *Allen v. State,* 152 Ga. App. 481 (1) (263 SE2d 259).

"Although lapse of time is one of the more important factors to weigh in considering the admissibility of the evidence in question it is not wholly determinative." *Campbell v. State,* 234 Ga. 130, 132 (214 SE2d 656).

In considering the admissibility of the 11-year-old similar offense, we can not ignore, as defendant does, the unchallenged

evidence of the intervening 4 and a half year old offense.

In combination the offenses show a pattern of conduct which clearly bears on defendant's intent, the only issue in dispute. When their linked relevancy is considered it appears to outweigh the prejudicial effect of their admission.

"The fact that some of the other offenses were remote in point of time from the act under investigation does not itself render such evidence incompetent, where the acts were repeatedly done up to a comparatively recent period and were all apparently inspired by one purpose." 29 AmJur2d 379, Evidence, § 330.

Accordingly, we find no error in the admission of this evidence.

*Judgment affirmed. Shulman, C. J., concurs. Carley, J., concurs specially.*

DECIDED JANUARY 4, 1983 —
REHEARING DENIED JANUARY 28, 1983 — 

*Donald Eugene Wilkes, Jr., James Hudson,* for appellant.
*Harry N. Gordon, District Attorney,* for appellee.

CARLEY, Judge, concurring specially.

I agree with the majority that in view of the total evidentiary pattern resulting from the trial below, there was no reversible error in admitting evidence of the eleven-year-old prior offense which the state sought to attribute to the defendant. However, I want to emphasize that I concur solely because of the intervening offense which occurred only four and a half years prior to the trial. As pointed out by the majority, the more recent offense was shown by "unchallenged evidence." However, it is my firm opinion that, but for the unobjected-to evidence of the 1976 offense, the 1970 offense would have been too remote and evidence thereof would have been inadmissible. *Johnson v. State,* 151 Ga. App. 887 (262 SE2d 201) (1979); *Brown v. State,* 109 Ga. App. 212 (135 SE2d 480) (1964).