70929. McCORD v. THE STATE.
(336 SE2d 371)

DEEN, Presiding Judge.

Appellant, Glen McCord, was indicted by the grand jury and charged with the murder of Douglas Little. He was tried by a jury, convicted of voluntary manslaughter, and appeals following the denial of his motion for a new trial.

1. Appellant first contends the trial court erred in its charge to the jury on self-defense as it relates to mutual combat because it was an erroneous statement of the law as well as conflicting, incomplete and confusing.

The court first charged: "If you find there was a mutual intention to fight between the defendant and the deceased and they do so engage with the mutual intention to fight and the defendant killed the deceased, before you would be authorized to acquit the defendant it must appear that the danger was so urgent and pressing at the time of the killing that in order to save his, that being McCord's own life, the killing of Mr. Little was absolutely necessary and it must also appear that the deceased was the assailant or that the defendant had really and in good faith endeavored to decline any further struggle before the mortal shot was fired. If these facts appear you should acquit the defendant and find him not guilty.

"If you find from the evidence in this case and the circumstances that there was a mutual combat with intent to fight between the defendant and the deceased and while so engaged the defendant killed the deceased at a time when there was no danger so urgent and pressing that in order to save his own life it was absolutely necessary to kill the deceased, and the defendant killed him at a time when he had not really and in good faith endeavored to decline any further struggle before firing the mortal shot and the killing was the result of a willingness to fight by both combatants, then the defendant would be guilty of the crime of voluntary manslaughter. And in this event it would be your duty to convict the defendant if you believe he is thus guilty beyond a reasonable doubt."

Later, in the charge the court charged the provisions of OCGA § 16-3-21, the use of force in defense of self or others: "A person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary to defend himself or a third person against such other's imminent use of unlawful force. However, a person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself or a third person, or to prevent the commission of a forcible felony."

The court continued, "A person is not justified in using force under the circumstances specified in Subsection A, which I have just read you if he was the aggressor or was engaged in combat by agreement unless he withdraws from the encounter and effectively communicates to such other person his intent to do so and the other, notwithstanding continues or threatens to continue the use of unlawful force."

The latter portion of the charge is taken verbatim from OCGA § 16-3-21 (b) (3).

It appears that the basis for the objectionable charge is the pattern instruction on mutual combat found at pages 89-91 of the Suggested Pattern Jury Instructions, Volume 2, Criminal Cases (1984). In

pertinent part, the pattern instruction provides: "The killing as a result of mutual combat may be justifiable; and you may find it to be so if it appears that the defendant reasonably believed, at the time of the killing, that the danger to the defendant was so urgent and pressing, that *in order to save his own life, or to prevent great bodily harm to himself, or to prevent the commission of a forceable felony, the killing of the deceased was absolutely necessary,* and it further appears that the deceased was the assailant. If it appears that the deceased was not the assailant, but that the defendant was the assailant, then in order for the killing to be justified, it must further appear that the defendant really, and in good faith, endeavored to decline any further struggle before the fatal wound was inflicted." (Emphasis supplied.) Assuming for the moment that the pattern instruction is a correct statement of the law, it is plain that the trial court's charge omitted the vital language "if it appears that the defendant reasonably believed. . . ." That is, the charge as given provided no standard by which the jury was to measure appellant's behavior if they found a mutual intention to fight. For this reason the charge here objected to was not a correct statement of the law.

The pattern instruction is based upon Sections 26-1011, 26-1012 and 26-1014 of the Code of 1933. "However, when the criminal code was revised in 1968, [cit.], the requirement [that the slayer show that 'the killing was absolutely necessary to save his own life'] was deleted from revised § 26-902, now OCGA § 16-3-21 (b) (3)." *Murray v. State,* 254 Ga. 351, 352 (329 SE2d 485) (1985). "Under . . . § 26-1014, which applied only to cases involving mutual combat (*Hill v. State,* 211 Ga. 683 (88 SE2d 145) (1955)), the defense of justification was available to one who ha[d] 'in good faith endeavored to decline any further struggle' if the killing was absolutely necessary to save his own life. It apparently kept the defense of justification from a person who in such circumstances used deadly force to prevent his own great bodily harm. Section 26-902 change[d] the law by (1) allowing the defense also to one who initiated the attack but withdraws and (2) allowing the defense to one who acts in such circumstances to prevent his own great bodily harm." Committee Notes, Code Ann. Ch. 26-9, Defenses to Criminal Liability, pp. 106-07 (1983 Rev.). Upon close inspection we believe it may be fairly argued that the pattern instruction is substantially similar to the rule of law enunciated in OCGA § 16-3-21 as to the defense of justification in a situation involving mutual combat, and merely uses different language to convey the essence of the rule. Nevertheless, the pattern instruction should be revised to reflect the correct statutory language. In situations such as in the case at bar where both the statute and the pattern instruction were given, the trial court's overall charge as to this rule of law more likely than not confused the jury to the prejudice of appellant. Accordingly, this case

must be reversed and remanded for a new trial.

2. It is not necessary to address appellant's remaining enumerations of error as any alleged error is unlikely to recur upon the retrial of this case.

*Judgment reversed. Pope and Beasley, JJ., concur.*

DECIDED OCTOBER 21, 1985.

*Richard T. Taylor,* for appellant.
*Beverly B. Hayes, District Attorney, B. H. Baldwin, Assistant District Attorney,* for appellee.