77041, 77042. GERALD et al. v. THE STATE (two cases).

(375 SE2d 134)

BEASLEY, Judge.

James Edward Gerald and Barry Franklin Gerald were indicted for murder, OCGA § 16-5-1. The jury convicted them of voluntary manslaughter, OCGA § 16-5-2. Following the denial of their motion for new trial, they appeal their convictions and sentences, arguing a dozen enumerations of error, including seven challenges to the trial court's instructions to the jury. We address the charge first because it is dispositive.

1. Appellants contend that the trial court erred in the charge on justification in mutual combat when it stated that in order for the killing as a result of mutual combat to be justifiable, it had to be absolutely necessary. They maintain that there is no requirement that the necessity be absolute, that it was an incorrect statement of the law, a stricter standard than was required, and contributed to the charge being unclear and confusing.

The court charged: "The killing as a result of mutual combat may be justifiable, if you find it to be so, and if it appears that the defendant reasonably believed at the time of the killing that the danger to the defendant was so urgent and pressing, that in order to save his own life, or to prevent great bodily harm to himself, or to prevent the commission of a forcible felony, the killing of the deceased was *absolutely necessary*, and if it further appears that the deceased was the assailant." (Emphasis supplied.)

The court later charged substantially the provisions of OCGA § 16-3-21 (a) and (b) (1) and (3), the use of force in defense of self or others: "A person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary to defend himself or a third person against such other's imminent use of unlawful force. However, a person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself or a third person or prevent the commission of a forcible felony.

"The State has the burden of proving beyond a reasonable doubt that the defendants did not act in self-defense.

"However, a person is not justified in using force as I have just described if that person intentionally [sic[1]] provokes the use of force against himself with the intent to use such force as an excuse to inflict bodily harm upon the assailant or was the aggressor or was engaged in a combat by agreement, unless he withdraws from the encounter and

---

[1] The statutory word is "initially."

effectively communicates his intent to withdraw to the other person, and the other person nevertheless continues or threatens to continue unlawful force."

Where the court charges both the statutory defense of justification, including justification in mutual combat, and a pattern instruction based upon the statute, as was done here, the pattern instruction should reflect the correct statutory language. Otherwise, the court's overall charge in that regard may confuse the jury. See *McCord v. State*, 176 Ga. App. 505 (1) (336 SE2d 371) (1985).

The objected-to charge, which was the suggested pattern jury charge, in vogue at the time of *McCord*, was inadvertently read to the jury in place of the pattern charge as revised in December 1985, following *McCord*. It among other changes deletes the word "absolutely," which in 1968 had been omitted by the Code. Even if the inclusion by the judge was inadvertent, this does not alter the fact that the charge was not a totally correct statement of the law regarding the justification of self-defense in mutual combat. See dicta in *Murray v. State*, 254 Ga. 351, 352 (2) (329 SE2d 485) (1985), which points out that the 1968 revision of the criminal Code omitted the earlier requirement of "absolute necessity." As appellants assert, it imposed a higher threshold for justification of the killing, i.e., that the necessity for it be absolute.

Clarity in this portion of the charge was critical to an issue of defense, and since the discrepancy between the incorrect charge and the statutory provision more likely than not confused the jury, it prejudiced defendants. Accordingly, defendants must be given a new trial. *McCord*, supra at 507 (1).

2. It is unnecessary to address appellants' remaining six enumerations of error challenging other aspects of the court's charge, including its preliminary instructions to the jury, as any alleged errors in this regard are unlikely to recur upon retrial.

3. Appellants contend that the trial court erred in refusing to direct verdicts of not guilty as to the offense of murder, OCGA § 16-5-1, because there was no evidence of malice aforethought in that the gun which killed the victim was not intentionally fired but produced as a last resort in self-defense. Appellants cannot be retried for murder. OCGA § 16-1-8 (a) (1) and (d) (2); see *McCrary v. State*, 252 Ga. 521, 525 (314 SE2d 662) (1984), 254 Ga. 382 (1) (329 SE2d 473) (1985). Since defendants can be retried for voluntary manslaughter, we address the sufficiency of the evidence in regard to the latter.

Construing the evidence so as to uphold the verdict, *Thomas v. State*, 175 Ga. App. 873, 874 (1) (334 SE2d 903) (1985), we find it was sufficient to enable any rational trier of fact to find defendants guilty of voluntary manslaughter beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. Appellants contend that the trial court erred in granting the State two additional jury strikes after it gave them four additional strikes, two for each, in that OCGA § 17-8-4 does not provide that additional strikes are to be granted to the State.

While it is true that OCGA § 17-8-4 is silent on the question of additional strikes for the State, the statute is to be construed in pari materia with OCGA § 15-12-165, see *Taylor v. State*, 140 Ga. App. 447 (2) (231 SE2d 364) (1976), which provides that the State "shall be allowed one-half the number of peremptory challenges allowed to the accused."

5. Appellants contend that the trial court erred in requiring a list of defense witnesses to be given to the State. They argue that there is no basis in law for it, that the practice was customary in the court ostensibly for the enforcement of sequestration but that the true purpose was to obtain the criminal history of defense witnesses through the National Crime Information Center computer, and that inasmuch as the defense was unable to do the same for the State's witnesses it was a fundamentally unfair practice and violative of their due process rights under both the federal and state constitutions. Inasmuch as this may be a practice, we will address it even though it may not affect the new trial.

Apparently, the witness list was ordered after both sides invoked the rule of sequestration. We cannot tell with certainty because this portion of the trial has not been included in the provided transcript excerpts. Thus, contrary to appellants' contentions, there was a legal basis for the court's order for "[i]t was within the court's discretion to order production of a list of defense witnesses in order to enforce the rule of sequestration." *Fugitt v. State*, 254 Ga. 521, 522 (4) (330 SE2d 714) (1985).

Appellants' speculation about the motive behind the practice is not supported by the record. Furthermore, appellants do not claim and have not shown that the State was in possession of any criminal records of its witnesses. See *Keller v. State*, 253 Ga. 512, 513 (2) (322 SE2d 243) (1984).

6. We do not address the two remaining enumerations of error involving alleged violation of the trial court's order granting defendants' motion in limine and alleged error by the court in excluding a juror during deliberations because of our decision in Division 1.

*Judgment reversed in Case No. 77041. Judgment reversed in Case No. 77042. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED NOVEMBER 4, 1988.

*Manchel, Johnson & Wiggins, J. Dunham McAllister, Howard J.*

*Manchel*, for appellants.

*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney*, for appellee.