A91A1515. BELL v. THE STATE.
(416 SE2d 344)

SOGNIER, Chief Judge.

Willie James Bell was indicted for murder and possession of a firearm in the commission of a felony. A jury found him guilty of voluntary manslaughter and the firearm possession charge, and he appeals from the judgment of conviction and sentence entered on the

jury's verdict.

1. Although the record shows that at a pretrial motions hearing, the trial court agreed to reinspect the prosecution's file in camera in light of any special defenses, it is not necessary that we determine whether the trial court actually did so because appellant did not object to any alleged failure, and we are thus foreclosed from reviewing this issue on appeal. *Wisdom v. State*, 234 Ga. 650, 652 (217 SE2d 244) (1975).

2. Appellant asserts error regarding two incidents that occurred during jury selection. The first involved an outburst of crying by a woman in the crowded courtroom. The trial judge was not aware of the woman's identity until she was identified as the victim's mother by appellant's counsel, and the woman's identity was never disclosed to the jury. The trial court denied appellant's ensuing motion for a mistrial or, in the alternative, to quash the jury panel. "Many, if not most, trials by jury involve some degree of emotion by at least one party or the other. It would be unreasonable to expect that all emotions be completely frozen during a trial by jury when such effective bridle on emotions cannot be sustained elsewhere. Demonstrations and outbursts which occur during the course of a trial are matters for the trial court's discretion." (Citations and punctuation omitted.) *Forney v. State*, 255 Ga. 316, 318 (3) (338 SE2d 252) (1986). Here, the trial court immediately had the woman escorted from the courtroom and gave the jury a curative instruction, after which all jurors indicated, in response to the trial court's question, that they could disregard the incident and remain impartial. Under these circumstances, we find no abuse of the trial court's discretion in denying appellant's motion. Id.

The second incident involved a juror who approached the judge with a question after the outburst. She indicated that she would rather not serve, vaguely expressing a fear of what might happen should the jury's verdict go a certain way. The trial court's questioning of this juror, rather than constituting impermissible comment, as urged by appellant, was merely an attempt to understand the basis for the juror's hesitation, and we find no error in the trial court's denial of appellant's motion to quash the jury panel based on this incident.

3. Appellant contends the trial court erred by admitting bone fragments and certain photographs into evidence on the ground that they were proffered solely to inflame the jury. We do not agree with appellant that these exhibits were irrelevant to the issues tried, as a police officer testified that the bone fragments were recovered near the victim's body immediately after the shooting, and the photographs depicted the victim's body at the scene shortly after the shooting. "[R]elevant evidence 'may be excluded if its probative value is

substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *Hicks v. State*, 256 Ga. 715, 720-721 (13) (352 SE2d 762) (1987). However, "such considerations are appropriately committed to the trial court's sound exercise of discretion, and we find no abuse of discretion here," id. at 721, particularly since neither the bone fragments nor the photographs (all but one of which depicted the victim covered by a sheet) was particularly gruesome. Compare *Brown v. State*, 250 Ga. 862, 866-867 (5) (302 SE2d 347) (1983) (photographs depicting victim after autopsy and incisions inadmissible unless necessary to show some material fact brought out only after autopsy).

4. We find no error in the trial court's jury charge. Contrary to appellant's contention, the trial court did charge the jury on self-defense and voluntary manslaughter. No evidence was adduced at trial which would indicate self-defense other than the evidence showing that appellant and the intended victim were engaged in mutual combat, and a charge on justification as related to mutual combat was given. *McCord v. State*, 176 Ga. App. 505 (1) (336 SE2d 371) (1985) and *Gerald v. State*, 189 Ga. App. 155 (1) (375 SE2d 134) (1988), relied on by appellant, are inapposite, as those cases involved an *incorrect* charge on justification in mutual combat, and the charge here was a correct statement of the law.

We do not agree with appellant that this case is controlled by *Johnson v. State*, 151 Ga. App. 887 (1) (262 SE2d 201) (1979), because unlike the circumstances in *Johnson*, appellant intentionally pointed the gun at his intended victim. A charge on accident was not warranted under these circumstances.

The court's charge on inferred intent and transferred intent was a correct statement of the law and not impermissibly burden-shifting. The Supreme Court specifically approved this charge in *Wilson v. Jones*, 251 Ga. 23-24 (1) (302 SE2d 546) (1983). The trial court gave charges on reasonable doubt and the presumption of innocence, instructing the jury that "[n]o person shall be convicted of any crime unless and until each element of the crime is proven beyond a reasonable doubt" and that "[t]here is no burden of proof upon the defendant whatever, and the burden never shifts to the defendant to prove his innocence." In the context of these instructions, the charge as a whole "did not suggest to a reasonable juror that the defendant was required to disprove criminal intent, nor did it remove from the state its burden of proving criminal intent beyond a reasonable doubt. [Cit.]" Id. at 24. (1).

5. In three enumerations of error appellant challenges certain aspects of his sentencing hearing. Contrary to appellant's assertion, the record does not show that the presentence report was used in aggra-

vation of his sentence rather than in mitigation. Nor was the State's recommendation regarding sentencing "evidence" that required disclosure to appellant in advance of the sentencing hearing. See *Munsford v. State*, 235 Ga. 38, 45 (218 SE2d 792) (1975).

In response to appellant's showing in mitigation of sentence that he had attempted to apologize to the victim's mother, the trial court commented that the mother was "not too bitter about it, except that she feels that [appellant] should serve some time." Although this remark indicates the trial judge had some familiarity with the opinion of the victim's mother in this regard, the record does not indicate whether the statement attributed by the trial court to the victim's mother was derived from an official victim impact statement, the probation department's presentence investigation, or some other source. However, even assuming that it was contained in a victim impact statement which was not disclosed to appellant prior to the hearing as required by OCGA § 17-10-1.1 (d), we cannot agree with appellant that resentencing is necessary in this case.

First, we do not agree that the victim's mother's feeling that she was not bitter but that appellant should serve some time constitutes an instance of witness' testimony or prosecutor's remarks "so infect[ing] the sentencing proceeding as to render it fundamentally unfair" so as to require resentencing under Justice O'Connor's concurrence in *Payne v. Tennessee*, 501 U. S. ___ (111 SC 2597, 115 LE2d 720, 740) (1991).

Second, appellant complains not of the content of the statement but of the prosecutor's failure to disclose it to him prior to the hearing. However, subsection (g) of OCGA § 17-10-1.1, the statute setting forth the procedure to be used regarding victim impact statements, provides that "[n]o sentence shall be invalidated because of failure to comply with the provisions of this Code section."

6. We have carefully reviewed appellant's remaining enumerations of error and find them without merit.

*Judgment affirmed. Beasley, J., concurs. Carley, P. J., concurs in Divisions 1, 2, 3, 4, and 6, and in the judgment.*

DECIDED FEBRUARY 17, 1992 —
RECONSIDERATIONS DENIED FEBRUARY 27, 1992 AND MARCH 2, 1992 —

*Beauchamp & Associates, Kermit S. Dorough, Jr.*, for appellant.
*Britt R. Priddy, District Attorney, Nancy G. Grigg, Assistant District Attorney*, for appellee.