## A96A2141. SAMUELS v. THE STATE.
(477 SE2d 414)

Eldridge, Judge.

Appellant, Jermaine Samuels, appeals his conviction for the offenses of armed robbery, kidnapping, aggravated assault, and burglary, arising from an incident which occurred in the early morning hours of December 31, 1993, in Macon, Bibb County, Georgia.[1]

Appellant was tried with a co-defendant. The evidence presented at trial showed that the co-defendants and three other males forced entry into an apartment occupied by Carolyn Moore, her two children, her niece, and her niece's two children. The men covered their noses and mouths in an effort to hide their identities, and at least three assailants carried guns. They ransacked the apartment, tied up Ms. Moore and her niece, and removed jewelry from Ms. Moore. Ms. Moore's boyfriend, Cedric Johnson ("Johnson"), found the women and children a short time later. Johnson took the victims to the home he shared with his mother, and then left to search for the appellant. Later that day, appellant heard that Johnson was looking for him, and went to Johnson's home to tell him that he (appellant) did not participate in the break-in. While appellant was at Johnson's home, Ms. Moore confronted appellant, and noticed that he was wearing the same clothes that he wore during the break-in.

1. In the first and fourth enumerations of error, appellant challenges the sufficiency of the evidence presented at trial; he asserts that the trial court erred in denying appellant's motion for a directed verdict at the close of the state's case and appellant's subsequent amended motion for a new trial. Appellant claims that the identification of the appellant by Ms. Moore was "incredible," and was insufficient to support the jury's verdict.

The standard of review for the sufficiency of evidence, in reviewing either a motion for a directed verdict or a motion for new trial, is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Cits.]" (Emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Humphrey v. State*, 252 Ga. 525, 527 (314 SE2d 436) (1984); see also *Rigenstrup v. State*, 197 Ga. App. 176, 181 (398 SE2d 25) (1990).

Under OCGA § 24-4-8, the testimony of a single witness is generally sufficient to establish a fact. This includes the uncorroborated identification of an assailant by the victim. *Thompson v. State*, 203

---

[1] After appellant's original appeal to this Court was dismissed, a habeas corpus court granted an out-of-time appeal, based on a claim of ineffective assistance of appellate counsel in the original appeal.

Ga. App. 339 (416 SE2d 755) (1992); *Gay v. State*, 143 Ga. App. 857 (240 SE2d 226) (1977).

In the case sub judice, Ms. Moore testified that appellant was among the men who assaulted her family; that she had seen him previously in the area; that she had confronted him about the incident hours after the assault; and that appellant was, at the time of the confrontation, wearing the same clothes that he had worn during the assault. Ms. Moore later picked appellant from a photographic lineup.

Appellant points to the failure of Ms. Moore's niece, another victim, to identify him as one of the assailants as an indication that Ms. Moore's identification is unreliable. That is irrelevant to this Court, since an uncorroborated identification is sufficient evidence on its own; the lack of corroboration only goes to the weight of the evidence and the credibility of the testifying witness, which is solely within the purview of the jury. *Edwards v. State*, 209 Ga. App. 304, 305 (433 SE2d 619) (1993); *Thompson*, supra; *Rigenstrup*, supra. Therefore, viewing the testimony in the light most favorable to the prosecution, the victim's testimony, without more, is sufficient to identify appellant as one of the assailants.

However, corroborating evidence was presented regarding statements allegedly made by appellant before and after the incident, as well as showing that, earlier in the evening, appellant was with other men who were also charged in the break-in. The evidence in this case was sufficient to support the denial of both a directed verdict and a motion for a new trial.

2. Appellant also asserts that the trial court erred in allowing the State, over appellant's objection, to elicit Johnson's testimony describing a conversation between the witness and appellant, during which appellant offered to sell Johnson "a little machine gun."

A "witness may testify as to what he saw and heard in the defendant's presence." *Moore v. State*, 240 Ga. 210, 212 (240 SE2d 68) (1977); see also *Hurston v. State*, 194 Ga. App. 226 (390 SE2d 119) (1990). Further, the conversation between appellant and Johnson, an offer to sell a machine gun just hours before one engages in an armed assault involving a machine gun, and where appellant was seen with a "big gun," was a relevant admission against interest, and is admissible. See *Satterfield v. State*, 256 Ga. 593, 600 (351 SE2d 625) (1987); *Toledo v. State*, 216 Ga. App. 480, 482 (455 SE2d 595) (1995).

Appellant argues on appeal that, even if the testimony was admissible, it was highly prejudicial and insufficiently probative to justify its admission. At trial, appellant argued that the evidence was irrelevant, but did not mention any possible prejudicial impact on the jury. The decision to admit relevant, but prejudicial, evidence is within the sound exercise of discretion of the trial court; we find no

abuse of discretion. *Bell v. State*, 203 Ga. App. 109, 111 (416 SE2d 344) (1992).

Appellant also asserts that, in order to rebut the testimony of Johnson regarding the proposed sale of the gun, he would have to give up his constitutional right to remain silent. This argument is without merit, since evidence is routinely (and appropriately) admitted at trial that cannot be rebutted without the defendant's testimony; the choice of whether or not to take the stand to rebut potentially damaging evidence remains with the defendant.

Finally, appellant asserts that evidence of prior negotiations about the sale of a machine gun impermissibly places appellant's character in issue. See OCGA § 24-9-20. However, " 'we find that if it placed (defendant's) character in issue it did so only incidentally. . . .' [Cit.]" *Toledo*, supra at 482.

Therefore, testimony regarding the appellant's proposed sale of a machine gun is admissible, and the trial court committed no error in refusing to sustain appellant's objection to the testimony.

3. Finally, appellant asserts that the trial court erred in denying appellant's motion to suppress the display of a photographic lineup of appellant and other prisoners on the basis that it was highly prejudicial. Appellant argues that the photographs of him were unnecessarily cumulative, given Ms. Moore's previous in-court identification. This argument is without merit, particularly because the appellant previously argued that Ms. Moore's identification of appellant, without more, was insufficient to support the verdict. Further, as noted above, the decision regarding whether or not to admit relevant but potentially prejudicial evidence is within the trial court's discretion, and will not be disturbed absent abuse of discretion. See *Bell*, supra.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED OCTOBER 21, 1996.

*Thomas M. Jackson*, for appellant.
*Charles H. Weston, District Attorney, Elizabeth K. Bobbitt, Thomas J. Matthews, Assistant District Attorneys*, for appellee.

