A07A1300. McCLENDON v. THE STATE.
(651 SE2d 165)

ELLINGTON, Judge.

A Fulton County jury found Shamall McClendon guilty beyond a reasonable doubt of aggravated assault, OCGA § 16-5-21 (a) (2) (with a deadly weapon); possession of a firearm during the commission of a felony, OCGA § 16-11-106; and fleeing or attempting to elude a police officer, OCGA § 40-6-395. Following the denial of his motion for a new trial, McClendon appeals, challenging several evidentiary rulings, the sufficiency of the evidence, a jury instruction, and other rulings. Finding no error, we affirm.

---

[11] *Hunter v. Burson*, 168 Ga. 59, 63 (147 SE 53) (1929).

1. McClendon challenges the sufficiency of the evidence as to the aggravated assault conviction.[1]

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. This Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, we must uphold the jury's verdict.

(Citations omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004). The standard of *Jackson v. Virginia* is met if the evidence is sufficient for any rational trier of fact to find the defendant guilty beyond a reasonable doubt of the crime charged. *Clark v. State*, 275 Ga. 220, 221 (1) (564 SE2d 191) (2002).

Viewed in the light most favorable to the verdict, the record shows the following.[2] At about 8:35 p.m. on October 27, 2004, McClendon drove a recently stolen pickup truck to a gas station with 15-year-old DeMar Horton as his passenger. Days earlier, Horton had run away from a temporary placement facility for juveniles. Horton went into the station and paid for gas. On his way back, he approached the victim's car at a pump and pulled the victim out of his car. After a struggle, both men pulled guns and shot each other. The victim got back into his car. Horton began limping and hopping toward the road.

A police officer who was working across the street heard the gunshots and saw smoke from the gunfire. He radioed for assistance and went to the gas station. Horton collapsed at the road, and then McClendon sped up to him in the truck and stopped. McClendon yelled at Horton to get in. The officer made eye contact with McClendon, pointed his gun at him, and ordered him to stop. McClendon crouched down below the dashboard. Horton hobbled to the truck and climbed into the back, and the truck raced away.

---

[1] McClendon concedes that the evidence was sufficient to sustain his conviction for fleeing or attempting to elude a police officer.

[2] This recitation of facts is based in part on evidence which McClendon contends the trial court erroneously admitted. We have rejected McClendon's evidentiary challenges, for the reasons discussed in Divisions 2-4, infra.

The officer radioed a description of the truck and a partial license plate number. Within a second or two, other officers spotted the truck speeding away from the gas station. A high-speed chase ended when the truck stopped in the back of an apartment complex and McClendon jumped out, scaled a fence, and ran down railroad tracks until he was caught. Officers found an assault rifle inside the cab of the truck. Horton was in the back of the truck with numerous gunshot wounds. Horton did not testify at trial, but the trial court admitted evidence of his pretrial statement in which he claimed that he asked the victim for some spare change, the victim, without provocation, pulled out a gun and shot him, and he (Horton) returned fire in self-defense.

In challenging the sufficiency of the evidence, McClendon contends the undisputed evidence established that the victim was the aggressor and that Horton was justified in shooting him. As a result, McClendon contends, he cannot be punished as a party to a crime (aggravated assault) which as a matter of law Horton did not commit. In the alternative, McClendon contends that, even if Horton did commit an aggravated assault, there was no evidence that he knowingly participated in Horton's shooting of the victim. "While mere presence at the scene and approval of a crime not amounting to encouragement is insufficient to authorize conviction as a party to a crime under OCGA § 16-2-20 (b) (4), criminal intent may be inferred from conduct before, during, and after the commission of the crime." (Citation and punctuation omitted.) *Simpson v. State*, 265 Ga. 665, 665-666 (461 SE2d 210) (1995). Viewed in the light most favorable to the verdict, the evidence showed that McClendon willingly drove Horton to a gas station, waited in a stolen truck, armed with an assault rifle, while Horton pulled the victim out of his car and then shot him, and then rescued the injured Horton and fled the police. The evidence was sufficient for a rational trier of fact to find McClendon guilty beyond a reasonable doubt, as a party to the crime, of aggravated assault with a deadly weapon and possession of a firearm during the commission of a felony. *Johnson v. State*, 276 Ga. 368, 370-371 (1) (578 SE2d 885) (2003); *Walsh v. State*, 269 Ga. 427, 428-429 (1) (499 SE2d 332) (1998); *Sinkfield v. State*, 201 Ga. App. 284 (1) (411 SE2d 68) (1991), rev'd in part on other grounds, 262 Ga. 239 (416 SE2d 288) (1992).

2. McClendon contends that evidence of a prior violent act by the victim to a third party would have been relevant to his defense of justification and, therefore, that the trial court erred by excluding the evidence. As discussed in Division 1, supra, McClendon maintains that Horton shot the victim in self-defense, and that, as a result, Horton did not commit the offense of aggravated assault which McClendon is charged with aiding and abetting. In order to be permitted to offer evidence of specific acts of violence by the victim, a

defendant must, among other requirements, establish the existence of prior violent acts by competent evidence. *Laster v. State*, 268 Ga. 172, 173-174 (2) (486 SE2d 153) (1997).[3] Before trial, McClendon filed a notice that he intended "to introduce an armed robbery by firearm committed by the alleged victim in DeKalb County." But McClendon failed to produce any competent evidence of any armed robbery committed by the victim. Accordingly, McClendon failed to carry his burden of showing that the evidence should be admitted. Id.

3. McClendon contends the trial court erred in admitting a police officer's prior consistent statement. "Unless a witness's veracity has affirmatively been placed in issue, the witness's prior consistent statement is pure hearsay evidence, which cannot be admitted merely to corroborate the witness, or to bolster the witness's credibility in the eyes of the jury." (Footnotes omitted.) *Woodard v. State*, 269 Ga. 317, 320 (2) (496 SE2d 896) (1998). But a witness's prior consistent statement can be admitted when "(1) the veracity of a witness's trial testimony has been placed in issue at trial; (2) the witness is present at trial; and (3) the witness is available for cross-examination." (Footnote omitted.) Id. "[A] witness's veracity is placed in issue so as to permit the introduction of a prior consistent statement only if affirmative charges of recent fabrication, improper influence, or improper motive are raised during cross examination." (Footnote omitted.) Id. We review a trial court's ruling on such an objection for an abuse of discretion. See *Woods v. State*, 255 Ga. App. 265, 268 (3) (564 SE2d 853) (2002); *Carr v. State*, 183 Ga. App. 36, 37 (4) (357 SE2d 816) (1987).

In this case, the responding officer testified on direct examination about what he saw and heard on the night of October 27, 2004, including hearing McClendon tell Horton to get into the truck. On cross-examination, McClendon's counsel elicited testimony that the responding officer did not include that fact in the report he wrote that night and did not disclose that fact to defense counsel during a pretrial interview. On redirect examination, after the trial court overruled the defense's bolstering objection, the prosecutor asked questions about the responding officer's report which showed that McClendon's instruction to Horton was not the only detail the responding officer omitted from his report.

The jury could have inferred from defense counsel's cross-examination that the responding officer's statement that he heard

---

[3] See also Uniform Superior Court Rules 31.1 (*notice requirements*); 31.6 (A) ("The defense may, upon notice filed in accordance with Rule 31.1, claim justification and present during the trial of the pending case evidence of relevant specific acts of violence by the victim against third persons.").

McClendon direct Horton to get into the truck was a recent fabrication. Because the veracity of the responding officer's trial testimony had therefore been placed in issue at trial, the trial court did not abuse its discretion in admitting the officer's prior consistent statement. *Brown v. State*, 273 Ga. App. 577, 580 (2) (615 SE2d 628) (2005).

4. McClendon contends the trial court erred in admitting the police dispatch tape into evidence in that it had no probative value but merely bolstered the testimony of the police officers. Generally, relevant and material evidence is admissible even if it is cumulative of other evidence. *Gates v. State*, 244 Ga. 587, 592 (1) (261 SE2d 349) (1979). Cumulative evidence may be excluded, however, on the basis that its probative value is "substantially outweighed" by considerations of undue delay, waste of time, or needless repetition. *Bell v. State*, 203 Ga. App. 109, 110-111 (3) (416 SE2d 344) (1992). "[S]uch considerations are appropriately committed to the trial court's sound exercise of discretion." (Citation and punctuation omitted.) Id. at 111 (3).

The State offered the tape to show how much time elapsed between when the responding officers called in a description of McClendon's vehicle and when other officers spotted the fleeing vehicle. While this evidence was cumulative of the responding officer's testimony about the timing, the trial court acted within its discretion in admitting the tape. *Gates v. State*, 244 Ga. at 592 (1); *Bell v. State*, 203 Ga. App. at 110-111 (3).

5. McClendon contends the trial court erred in commenting on an issue reserved for determination by the jury, citing OCGA § 17-8-57.[4] Because, as McClendon concedes, the specific comment that he complains of was not made in the presence of or to the jury, this argument presents no basis for reversal. *Johnson v. State*, 278 Ga. 344, 346 (2) (602 SE2d 623) (2004); *Miller v. State*, 243 Ga. App. 764, 768 (15) (533 SE2d 787) (2000).

6. McClendon contends the prosecutor deprived him of a fair trial by commenting on his failure to testify at trial, citing OCGA § 17-8-75.[5] The record shows that the defense advanced a theory that McClendon had merely given Horton a ride and then fled in panic

---

[4] OCGA § 17-8-57 provides in pertinent part, "[i]t is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused."

[5] OCGA § 17-8-75 provides:
[w]here counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke the counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the prosecuting attorney is the offender.

after hearing unexplained gunfire. During closing argument, the prosecutor responded to the defense theory, saying, "If [McClendon] was standing . . . there as a regular citizen minding his business and got caught up with this fool, [Horton], why, why, why, Mr. McClendon are you fleeing from help?" And the prosecutor said, "[McClendon's] running back . . . [to] where that truck was stolen from. Now, his story just is not credible." Reading the statements in context, we conclude that under Georgia law the prosecutor's arguments were not comments on McClendon's exercise of his right to remain silent. *Johnson v. State*, 271 Ga. 375, 383 (15) (a) (519 SE2d 221) (1999) (a prosecutor's argument that evidence of guilt has not been contradicted or rebutted is permissible and is not a comment on the defendant's failure to testify); *Duffy v. State*, 271 Ga. App. 668, 670 (1) (610 SE2d 620) (2005) (accord).

7. McClendon contends the trial court erred in instructing the jury on the affirmative defense of justification. Among other requirements,

> a jury instruction must be adjusted to the evidence and embody a correct, applicable, and complete statement of law. Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. There is no error where it is unlikely that the instructions considered as a whole would mislead a jury of ordinary intelligence.

(Citations and punctuation omitted.) *Brown v. State*, 275 Ga. App. 99, 102 (3) (619 SE2d 789) (2005).

In pertinent part, the trial court instructed the jury as follows:

> The fact that a person's conduct is justified is a defense to prosecution for any crime based on that conduct. The defense of justification can be claimed when the person's conduct is justified under OCGA [§ 16-3-21], use of force in defense of self [or] others. A person is justified in threatening or using force against another person when and to the extent that he has reasonably believed that such threat or force is necessary to defend himself or a third person against the other's imminent use of unlawful force. A person is justified in using force that is intended or likely to cause death or great bodily harm only if that person reasonably believes that such force is to prevent death or great bodily injury to himself or to a third person or to prevent the commission of

a forcible felony. The State has the burden of proving beyond a reasonable doubt that the defendant was not justified. A person is not justified in using force if that person is attempting to commit, is committing, or is fleeing after the commission or attempted commission of a felony. Aggravated assault, criminal attempt to commit armed robbery, and criminal attempt to commit hijacking a motor vehicle are felonies. . . . In applying the law of self-defense, a defendant is justified to kill or to use force against another person in defense of self or others. The standard is whether circumstances were such that would excite not merely the fears of any defendant but the fear of a reasonable person. For the killing or use of force to be justified under the law, the accused must have really acted under the influence of these fears and not in a spirit of revenge. One who is not the aggressor is not required to retreat before being justified in using such force as is necessary for personal defense or in using force that is likely to cause death or great bodily harm if one reasonably believes such force is necessary to prevent death or great bodily injury to himself/herself or a third person or to prevent the commission of a forcible felony.

These instructions were adjusted to the evidence and correctly stated the applicable law on justification. OCGA §§ 16-3-20; 16-3-21; *Wiggins v. State*, 252 Ga. 467, 468 (2) (314 SE2d 212) (1984). See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (3rd ed.), pp. 161-165 (§§ 3.01.10; 3.02.10; 3.02.12; 3.02.13). McClendon's argument lacks merit.

8. McClendon contends the trial court erred in distributing written copies of the jury charges to the jury during deliberations. Because allowing the jury to have a written copy of the charge is proper under Georgia law, however, the trial court was within its discretion to allow it. *Fletcher v. State*, 277 Ga. 795, 797 (4) (596 SE2d 132) (2004); *Anderson v. State*, 262 Ga. 26, 27-28 (3) (a) (413 SE2d 732) (1992).

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED AUGUST 13, 2007.

*Cynthia W. Harrison*, for appellant.
*Paul L. Howard, Jr., District Attorney*, for appellee.