## A09A0975. HUMPHREY v. THE STATE.
### (684 SE2d 288)

DOYLE, Judge.

Following a bench trial, Robert F. Humphrey appeals his convic-tion for pandering,[1] challenging the sufficiency of the evidence of the victim's age. Because there was evidence authorizing a rational trier of fact to conclude that the victim was under the statutory age, we affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. This Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*,[2] and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to

---

[1] OCGA § 16-6-12.
[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

make out the State's case, we must uphold the jury's verdict.[3]

So viewed, the evidence shows that in February 2006, Humphrey approached S. S., then 16 years old, in front of her house and requested her to have sex with him in exchange for $505. S. S. refused and ran inside to her mother, who had watched the encounter from the house. The mother confronted Humphrey, who then offered to pay the mother $505 if she let him have sex with S. S. The mother reported Humphrey to the police, who arrested Humphrey.

Humphrey was charged with pandering and convicted in a bench trial. Because the victim was under the age of 18, Humphrey was sentenced for a felony.[4] Following the denial of his motion for new trial, he filed this appeal, challenging the sufficiency of the evidence of the victim's age.

At trial, the victim testified as to her birth date and her age at the time of the offense (16 years old). The investigating officer also testified as to the victim's age. Without citation of authority, Humphrey argues (a) that the officer's testimony as to the victim's age was based on hearsay, because he would not have had personal knowledge of her age, and (b) that the victim's testimony as to her age was also based on hearsay, because "at the time of her birth, the [victim] would have been too young to have any personal knowledge of the date." Pretermitting whether the investigating officer's testimony was based on hearsay, we hold that the victim's testimony as to her birth date, her current age, the date of the offense, and her age at the time of the offense was sufficient to establish her age at the time of the offense. "The testimony of a single witness is generally sufficient to establish a fact,"[5] and the victim had sufficient personal knowledge to testify as to her own current age, her birth date, the date of the offense, and her age at the date of the offense.[6] "As long as there is some competent evidence . . . to support each fact necessary to make out the State's case, we must uphold the jury's verdict."[7] Accordingly, Humphrey's argument is without merit.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

---

[3] (Punctuation omitted.) *McClendon v. State*, 287 Ga. App. 238, 239 (1) (651 SE2d 165) (2007).

[4] See OCGA § 16-6-13 (b).

[5] (Citation and punctuation omitted.) *Donaldson v. State*, 244 Ga. App. 89, 90 (1), n. 2 (534 SE2d 839) (2000).

[6] See *Wright v. State*, 184 Ga. 62, 66 (4) (190 SE 663) (1937) ("the age of the [victim was] sufficiently proved when she testified positively as to the same"); *Barnes v. State*, 299 Ga. App. 253, 254 (1) (682 SE2d 359) (2009) (testimony of the victims alone supported conviction for child molestation, which required proof of age of victims).

[7] *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

DECIDED SEPTEMBER 17, 2009.

*Billy M. Grantham*, for appellant.

*Joseph K. Mulholland, District Attorney, William J. Hunter, Assistant District Attorney*, for appellee.